By the Court—Moncrief, J.
The facts as found by. the Referee, are not disputed. It appears, therefore, as matters óf fact:
1. That on the'10th day of. August, 1860, a verbal agreement was made between the plaintiff and the defendant, whereby the plaintiff agreed to purchase, and the defendant agreed to sell and convey to the plaintiff the lands mentioned in' the defendant’s answer, for- the price and according- to the terms set forth therein. ^
•2. That the plaintiff not being ready to perform his part of the agreement, the time for such performance was, at his request, postponed from time to time, until the month of November,4860, when the plaintiff gave the defendant his two checks, amounting to $600, on account of the $1,000 cash payment, and on paying $350, a portion of said $600, proposed that the deed should be executed and the mortgage sent to him for execution, as stated in his letter of ¡November 17th, 1860. '
3. That the defendant afterward urged the plaintiff to complete the performance of said agreement, but the plaintiff declined so to do; for the alleged reason that times had changed, that he had lost money, and could not carry it out.
4. That on the 3d January, 1861, the defendant tendered to the plaintiff a deed, in pursuance of said agreement, and demanded that the plaintiff complete the performance of said agreement on his part, which he declined to do for want of means at that time.
5. That at the time said agreement was made, the land in question was subject to the taxes for the years 1858 and *207 1859, and that said lands were sold in the year 1860 for the non-payment of said tax of 1858; but said sale was subject to redemption by the defendant at any time within two years thereafter; and that the said taxes and interest and amount of such sale were less than the sum of $200.
6. That if the residue of the $1,000 had been paid by the plaintiff, the defendant would have been enabled to have paid said taxes, as testified by him.
7. That the money mentioned in the complaint was the sum of $600 so paid the defendant on account of said agreement; and that no demand was made by the plaintiff for the repayment of said money before the bringing of this action.
. The claim of the plaintiff, as made in his complaint, is, “ that the defendant is indebted to the plaintiff in the sum of six hundred dollars, and interest thereon, for so much money by the defendant had and received to and for. the use of the plaintiff, as follows, that is to say: On or about the 17th day of November, 1860, the defendant, at his special instance, had and received of and from the plaintiff, and to and for the use of the plaintiff, the sum of six hundred dollars, and the plaintiff is the lawful owner" and holder of the claim and demand therefor;, that the said defendant, although requested so to do, has not paid,” &e. Judgment was demanded for $600, and interest from November 17th, 1860, &c.
The contract between the parties was not illegal; at most it could only be claimed to be voidable at the election of a party to it, and of this there may be some question. (Dowdle v. Camp, 12 Johns., 451; Westervelt v. Matheson, Hoffm., 37; Spoor v. Newell, 3 Hill, 307; Boughton v. Bruce, 20 Wend., 234.) The plaintiff voluntarily, in part performance of this oral contract for the purchase of lands, has paid the sum of six hundred dollars; he has requested and been indulged in an extension of time for the completion of his purchase; his neglect to fully perform has been excused by saying “the times had changed, he had lost money and could not carry it out;” “ he could *208 not complete the performance” of the agreement “ for want of means at í7¡.«f time.” He never claimed that he was not bound to perform by reason of the statute; and without requesting a return of the money thus voluntarily paid under an agreement of which good conscience demand ed of each party a full performance, this action is brought to recover it back. The defendant was not in default; he was ready and willing to perform the contract on his part; and it seems to me most plainly unjust, under such circumstances, to hold that the action can be maintained until the claimant, asserting a title under the statute making void his contract at his election, has also demanded the return of the money which he paid and the defendant received in good faith in part performance. (Fry on Specif. Perf., §§ 339, 340.) The authority in 4 Denio, 51, (Abbott v. Draper,) is decisive upon this point, and conclusive as to the rights of the plaintiff in this action.
As this view satisfactorily disposes of the whole case, it is unnecessary to examine the other points raised upon the argument; but as to the complaint being defective, see Eno v. Woodworth, (4 Comst., 249, 253; 1 E. D. Smith, 416; 2 Duer, 609.) I concur in the views so well expressed in the opinion of the Referee, and think the judgment should be affirmed.