JAMES BIGLER, Respondent, *v.* JAMES MORGAN, Appellant.

*It seems,* that a contract for the purchase or exchange of lands may be rescinded, and purchase money paid in advance by one party may be recovered back on the failure of the other to perform, even though the former could not have performed. But neither party can in such case recover damages for a breach of the contract.

*It seems,* also, that a vendee cannot be subjected to damages for a refusal to perform his contract to purchase, however insufficient the reason assigned therefor, without showing that the vendor was able, ready and willing to perform, and that the former would have received what he contracted for had he performed.

An objection to the form of a deed, capable of being remedied if suggested, as that it does not contain covenants of warranty to which the grantee is entitled, is waived by failing to specify it when the deed is offered.

A deed from a third party conveying the title is a substantial compliance with a covenant to convey; but when a vendee is entitled to a covenant of warranty he may require the covenant of the vendor, and is not bound to accept in lieu thereof the covenant of another.

In an action by a vendee to recover damages for a breach, upon the part of the vendor, of a contract to convey lands, the expenses incurred by plaintiff in examining the title are a proper item of damages.

Plaintiff contracted to sell to defendant, and to convey by warranty deed free of all incumbrances, a certain tract of land "lying on the south-westerly side of the York river," in Virginia. The tract was bounded by the thread of the river, and included certain oyster beds; these were not mentioned in the contract. Other parties claim to hold the oyster beds under leases from the State. The facts with respect thereto were well known to defendant at the time of making the contract. *Held,* that in the absence of any special provision in the contract with respect to the riparian right to the oyster beds, which appeared to have been a mere incident to the ownership of the land, it would be assumed that all the contract bound the plaintiff to convey was a clear title to the upland, and such interest in the river, or the land covered by it, as the law of the State conferred upon the owner of the upland; that these were subject to the public rights of the State, and plaintiff could not be called upon to warrant against these, or against parties claiming privileges granted by the State.

(Argued April 17, 1879; decided May 20, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to recover damages for the alleged breach by defendant of a contract between the parties.

By this contract defendant covenanted to convey to the plaintiff, " by the usual full covenant deed for that purpose," a lease of certain premises in the city of New York, with the entire interest of defendant in the premises, " the said property to be clear and free of all incumbrances, except a mortgage of $50,000 thereon." In consideration thereof plaintiff agreed " to grant and convey by a warranty deed, with the usual full covenants, all the property now owned by the party of the second part (plaintiff) in the county of York and State of Virginia, being that tract of land containing at least 2.100 acres, lying on the south-westerly side of the York river, at the point or place known as Bigler's Landing ; said property to be free and clear from all incumbrances."

The leasehold interest specified in the contract and agreed to be conveyed by defendant arose under a lease executed to one David C. Sturgis for the term of twenty-one years from May 1, 1867, at an annual rent of $6,000, the lessee covenanting to erect certain buildings upon the premises, and the lease containing covenants for renewal. On April 20, 1868, Sturgis, the lessee, assigned the lease unto William D. Mann " subject to a certain agreement this day executed and delivered by said Mann to Mrs. Emma A. Sturgis." Said agreement recites the assignment of the lease by Sturgis to Mann, and in consideration of such assignment and of one dollar, provides for the erection by Mann upon the demised premises of certain buildings ; that from the income of such buildings when completed, after deducting ground rent, taxes, insurance and current expenses Mann will pay Mrs. Sturgis $4,000, and also ten per cent of the net income for a certain period ; that the remainder of the net income shall be applied by Mann to the payment of interest on such sums as he shall have expended for construction, and afterwards to repay him the principal. After Mann has been reimbursed Mrs. Sturgis is to receive 23⅓ per cent up to a certain time, and thereafter during the term of the leases and renewals

one-third of the net proceeds. The agreement also provides that should Mann fail to erect the buildings within one year Mrs. Sturgis is authorized to complete the same, the expense of the construction to be a lien prior to any sum said Mann may have expended. On January 29, 1869, said Mann assigned to one Walter Jones the said lease, subject, among other things, to all the terms, conditions and agreements contained in said agreement between Mann and Mrs. Sturgis. Said Walter Jones made a general assignment for the benefit of creditors, the defendant in this action being named as assignee. Defendant had no other interest than as such assignee.

The referee gave judgment in favor of plaintiff for the sum of $500 expended by him in making searches as to the title to the leasehold property.

The further facts appear sufficiently in the opinion.

*S. F. Kneeland*, for appellant. Performance on the part of plaintiff was a condition precedent, and must be alleged and proved before defendant could be held liable. (*Bank of Columbia* v. *Hagues*, 1 Peters, 464; 2 Starkie on Evidence, 1188, *n.*; Bingham on Sale Real Property, 716–719; *Hinckley* v. *Smith*, 51 N. Y., 21; *Gastey* v. *Price*, 16 J. R., 267; *Williams* v. *Healey*, 3 Den., 363; *Morange* v. *Phelps*, 32 How. [Ct. of Ap.], 178; Story on Contracts, § 967; Co. Litt., § 340; Bingham on Sale Real Property, 722; *Johnson* v. *Wygant*, 11 Wend., 48; *Green* v. *Reynolds*, 2 J. R., 206; *Janes* v. *Gardner*, 10 id., 266; *Gazley* v. *Price*, 16 id., 267; *Culver* v. *Burgher*, 21 Barb., 324.) Even if plaintiff had made out a breach of contract on the part of defendant, he could only recover nominal damages, as he had not proved legal damages. (*Conger* v. *Weaver*, 20 N. Y., 140; *Baldwin* v. *Munn*, 2 Wend., 399; *Peters* v. *McKeon*, 4 Den., 546; *Blanchard* v. *Ely*, 21 id., 346.)

*R. E. Deyo*, for respondent. No tender of plaintiff's deed was required. (*Shaw* v. *Republic Life Ins. Co.*, 69

N. Y., 286; *Morange* v. *Morus*, 32 How., 178; *Read* v. *Lambert*, 10 Abb. Pr. [N. S.], 428; *Karker* v. *Haverly*, 50 Barb., 79; *Cornwell* v. *Haight*, 21 N. Y., 462; *Gray* v. *Green*, 9 Hun, 334; *Wheeler* v. *Garcia*, 40 N. Y., 584; affg. S. C., 5 Rob., 280; *Brown* v. *Wyman*, 8 N. Y., 182; *Coonley v. Anderson*, 1 Hill, 519.) The contract did not call for plaintiff's warranty deed. (*Bateman* v. *Johnson*, 10 Wis., 1 ; *Dresel* v. *Jordan*, 104 Mass., 407 ; *Boehm* v. *Wood*, 1 Jac. & W., 419; *Reeves* v. *Gill*, 1 Beav., 375.) All that was required of plaintiff was to be in a condition to perform, if performance should become necessary. (*Robb* v. *Montgomery*, 20 J. R., 15 ; *Oatman* v. *Taylor*, 29 N. Y., 649; *Greenby* v. *Cheevers*, 9 id., 126; *Champion* v. *Joslyn*, 44 id., 653.) Plaintiff was entitled to recover as damages the amount paid to his counsel for examining defendant's title and for attorney's fees. (*Cockroft* v. *N. Y. and H. R. R. Co.*, 69 N. Y., 201; *Hodges* v. *Earl of Litchfield*, 1 Bing. [N. C.], 492; *Flurcan* v. *Thornhill*, 2 Wm. Blackstone, 1078; *Walker* v. *Moore*, 10 Barn. & Cres., 416; *Peters* v. *McKeon*, 4 Den., 546 ; *Congers* v. *Weaver*, 20 N. Y., 140; *Dumas* v. *Miller*, 34 Penn., 319; *Bowsey* v. *Cessna*, 62 id., 148; *Packer* v. *Nevin*, 67 N. Y., 550; 2 Barr, 1077, 1086; *Jones* v. *Doles*, 3 La. Ann. R., 588; Sedgwick on Meas. Dam. [6th ed.], 273.)

Rapallo, J. We think that the objection taken by the plaintiff to the defendant's title was well founded. The contract between William D. Mann and Mrs. Sturgis entitled her to a portion of the rent to be derived from the property and the improvements thereon, and was an incumbrance on the property in the hands of those who received it subject to that agreement. The existence of this incumbrance and the refusal or inability of the defendant to remove it, constituted a breach on his part of the contract of exchange, which entitled the plaintiff to maintain this action on showing that he was ready and willing to perform on his part.

The referee has found that the plaintiff was ready and

willing to perform. This finding is attacked on two grounds. The defendant contends that under the contract of exchange the plaintiff was bound to convey to him certain oyster beds in the York river, opposite the land mentioned in the contract, but that he was unable to give a good title to these oyster beds for the reason that they were held adversely by certain parties claiming under leases from the State.

There is evidence in the case to the effect that these oyster beds were mentioned in the negotiations and spoken of as included in the exchange and as being of value. But they are not mentioned in the written contract, nor is there any stipulation concerning them. The contract only calls for a conveyance by warranty deed of all the property owned by the plaintiff in the county of York and State of Virginia, being a tract of land containing at least 2,100 acres lying *on the southwestwardly side* of the York river at Bigler's landing.

The referee finds that this tract of land was bounded by the York river and extended to the thread of the river and included oyster beds in the river, but that such oyster beds did not form part of the consideration in the agreement of exchange between the parties. That there was no evidence of any lawful possession or title, adverse to plaintiff's title to the oyster beds, and the facts in respect thereto were well known to the defendant at and subsequent to the exchange of the contracts, and no objection was made by him at any time in respect to plaintiff's title to or possession of the oyster beds.

In the absence of any special provision in the contract respecting this riparian right, which seems to have been a mere incident to the ownership of the land described in the contract, I think it must be assumed that all that the contract bound the plaintiff to convey was a clear title to the upland, and that whatever rights the grantee might acquire in the river or the land covered by it were subject to the public rights of the State of Virginia, and the plaintiff could not be called upon to warrant against these or against parties claiming privileges granted by the State, and that all interest

which the defendant could claim under the contract was such as the law of that State might confer upon him as owner of the upland. The evidence on these points is very loose, consisting of oral statements by the parties and others, and we find no evidence on the subject sufficiently definite and conclusive to authorize us to reverse the findings of the referee or to have required him to make the findings which he refused, in respect to these oyster beds.

The next ground upon which the referee is alleged to have erred, is in respect to the readiness of the plaintiff to give such a deed as the contract required. It appears that the title to the property stood in the name of one Brown, a son-in-law of the plaintiff, but subject to the control and direction of the plaintiff, and that the plaintiff procured Brown to execute a deed to the defendant which was exhibited to him, and to his attorney and counsel in the matter, for approval. It is found that no formal tender of any deed was made by the plaintiff, and it is conceded that no other deed was prepared for delivery than the one executed by Brown, but as to what occurred when this deed was presented for approval the testimony is conflicting. The counsel for the defendant testifies that he said that this deed was good enough as far as it went, but that they would require a warranty deed from the plaintiff, and that the plaintiff said he would be willing to give a quit-claim deed, but did not think a warranty deed from him was necessary. If this were the only evidence, or these facts were uncontroverted, we should be inclined to hold that the finding that the plaintiff was ready and willing to perform was not sustained, and that he had not shown himself entitled to recover in this action. The defendant was clearly entitled under the contract to the plaintiff's personal covenants and was not bound to accept in lieu thereof the covenants of another party. The deed of a third party conveying the title would be a substantial performance of the covenant to convey ; but the covenants, whose value depended upon the responsibility of the covenantor, the defendant was entitled to require from his vendor.

(*Robb* v. *Montgomery*, 20 J. R., 15.)    To entitle him to recover damages for a breach of the contract he must show that he was ready and willing to deliver such a deed as the contract called for.    The refusal of the defendant to perform although it obviated the necessity of a formal tender of a deed, did not dispense with the necessity of showing that the plaintiff was able, ready and willing to perform, and ordinarily this requires that the deed called for by the contract should be prepared and ready for delivery.    The proof now referred to does not show that the plaintiff was either ready or willing to deliver such a deed.

*Morange* v. *Morris* (32 How. Pr., 178, and 3 Keyes, 50), is cited as an authority for the proposition that in an action like this the refusal or admitted inability of one party to a contract of this description, to perform, dispenses not only with an actual tender of performance by the other party, but with proof of his readiness to perform.    That case is not an authority for any such proposition.    It was not an action to enforce the contract, or for damages for its breach, but to recover back a payment made on account of the purchase money, on the ground that the vendor not being ready at the time appointed to convey a good title the vendee had exercised his right to rescind and reclaim what he had paid.    The cases are widely different, and depend upon different principles ; a contract for the purchase or exchange of lands may be rescinded, and purchase money paid in advance may be recovered back, on the failure of one party to perform, even though the other party could not have performed.    If in this case neither of the parties had had title to the property which he had agreed to convey, the contract could have been rescinded and any payments made upon it recovered back.    But neither could have recovered of the other damages for its breach.    In an action to rescind and recover back payments, it is enough to show a breach by the party who has received the money.    (*Lawrence* v. *Taylor*, 5 Hill, 115.)    But not so when the action is to enforce the contract or recover dam-

ages. (*Judson* v. *Cross*, 11 J. R., 95; *Johnson* v. *Wygant*, 11 Wend., 48; *McWilliams* v. *Song*, 32 Barb., 194; and see *Morange* v. *Morris* as reported in 34 Barb., 611; *Hinckley* v. *Smith*, 51 N. Y., 21.)

However positively a vendee may have refused to perform his contract, and however insufficient the reason assigned for his refusal, he cannot be subjected to damages without showing that he would have received what he contracted for, had he performed. (*Heron* v. *Hoffman*, 3 Rawl., 393, 400; *Bank of Columbia* v. *Hagner*, 1 Peters, 464; *Trevor* v. *Halsted*, 23 Wend., 66.) But the difficulty in the way of sustaining this point of the defense is that it is not an uncontroverted fact that the defendant objected to receive the deed of Brown without the warranty of the plaintiff. He might have accepted it, and it would then have been a good performance. The plaintiff testified that when he showed the deed to defendant and his counsel, he told them that it was ready to be delivered as soon as they were ready to give a deed of their property as agreed, and they said they would be ready in a few days to carry out their agreement, and that they were glad plaintiff was ready, and they were trying to get ready, and that no objection was ever made to plaintiff's deed in any shape whatever. Mr. Wells, who was also present, testified that defendant's counsel took the deed and looked at it and there was nothing further said except something about being ready in a few days, and no objection was made to plaintiff's title. Upon this state of the evidence we do not feel at liberty to reverse the finding of the referee. If the occurrence was as testified to by the plaintiff and Mr. Wells and the defendant made no point about the warranty, the case comes within the principle of *Carman* v. *Pultz* (21 N. Y., 551), where the vendee was offered a deed not containing the covenants agreed upon, but it did not appear that he objected on that ground, and it was assumed in support of the judgment that his refusal was based upon some untenable ground. A defect in the grantor's title would not be waived by a failure to specify it

at the time, but the case seems to support the position that an objection to the form of the deed, capable of being remedied if suggested, would be waived by failing to mention it, and at all events that a judgment will not be reversed on account of such a defect in the deed offered, in the absence of a finding that the objection was taken. The testimony of defendant's counsel, to the effect that the objection was taken, is not directly contradicted, but there is a sufficient degree of variance between it and that of the other witnesses to preclude us as a matter of law from saying that the referee may not have adopted their version.

The expenses incurred in examining the title were recoverable as damages under the decision in *Cockcroft* v. *N. Y. and Hud. R. R. Co.* (69 N. Y., 201).

We find no sufficient ground for reversing the judgment, and it should be affirmed.

All concur, except CHURCH, Ch. J., and ANDREWS, J., absent, and FOLGER, J., not voting.

Judgment affirmed.