FLORA JACOBS, Appellant, v. DAVID MORRISON, Individually and as Trustee, etc., Respondent.

A finding that a grantor, whose deed is attacked as fraudulent, was "financially embarrassed," is not equivalent to a finding of insolvency; as one may be financially embarrassed and yet be possessed of abundant property.

As well under the statute (2 R. S. 138, § 2) as under the common law, circumstances to put a purchaser of real estate for a valuable consideration on inquiry as to any fraud affecting the vendor's title, must be equivalent to actual notice.

A purchaser of real estate will not be permitted to object to the title because of a bare possibility of some defect, or a mere suspicion of fraud.

In an action to recover a deposit made by plaintiff on account of the purchase money for premises bid off by her on sale at public auction, plaintiff objected to defendant's title on the ground that it came through a voluntary conveyance by an insolvent debtor, who was also either, at the time of the conveyance, incompetent to convey or was induced so to do by fraud or duress. The court found that the property was conveyed to defendant by McA. by full covenant deed; that defendant, on the same day, executed a declaration of trust to the effect that he accepted the conveyance, and agreed to pay out of the proceeds certain liabilities of a firm of which McA. was a member, and deposit the balance, less expenses, etc., to the credit and for the benefit of McA.'s children; that there was a firm creditor and individual creditors of McA. whose claims were not provided for; that he and his firm were "financially embarrassed;" that he was suffering from habits of intemperance and certain resultant physical consequences, and that he, as plaintiff was informed, was wasting his property, and, being pressed by his creditors, was induced to sign the deed in order to save something for his children. *Held,* that the facts found did not affect or cast any doubt upon the title tendered by defendant, and none of them, which came to plaintiff's notice before her rejection of the title, were of such a nature as to charge the plaintiff with knowledge of any fraud vitiating the title; and so, that the complaint was properly dismissed.

(Submitted October 25, 1892; decided November 29, 1892.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made July 5, 1892, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Reeves & Todd* for appellant.   A purchaser need not accept a title where there is a reasonable doubt as to either a matter of fact or a matter of law.   (*B. P. Comrs.* v. *Armstrong*, 45 N. Y. 234, 248; *Jordan* v. *Poillon*, 77 id. 521; *Hellreigel* v. *Manning*, 97 id. 56; *M. E. C. Home* v. *Thompson*, 108 id. 618; *Vought* v. *Williams*, 120 id. 253; *Kilpatrick* v. *Barron*, 125 id. 751; *Pryke* v. *Waddington*, 17 Eng. L. & E. 535; Atkinson on Marketable Titles, 3, 369, 390; *Ferry* v. *Sampson*, 112 N. Y. 415; *Griffin* v. *Barney*, 2 id. 365; *Leitch* v. *Hollister*, 4 id. 211; *Collomb* v. *Caldwell*, 16 id. 484; *Knapp* v. *McGowan*, 96 id. 85; *Cole* v. *Tyler*, 65 id. 73.)   A title which is liable to attack is not marketable. (*Jordan* v. *Poillon*, 77 N. Y. 518, 521; *Moore* v. *Appleby*, 108 id. 241; *Fleming* v. *Burnham*, 100 id. 1, 10; *Abbott* v. *James*, 111 id. 673, 678; Atkinson on Marketable Titles, 2, 3, 379, 632, 633; *Dobbs* v. *Norcross*, 24 N. J. Eq. 327; *Swayne* v. *Lyon*, 67 Penn. St. 436; *Pryke* v. *Waddington*, 17 Eng. L. & E. 535; *Dingley* v. *Bon*, 130 N. Y. 607; *Williamson* v. *Brown*, 15 id. 354.)   The defendant is not entitled to judgment for he has not performed or offered to perform the contract in the respects in which it was on his part to be performed.   (*Noel* v. *Watson*, 6 Madd. 50; *Mitchell* v. *Neale*, 2 Ves. Sen. 679; *Vought* v. *Williams*, 120 N. Y. 253.)   The court erred in allowing the defendant to withdraw his plea for specific performance and then dismissing the complaint, thereby causing the plaintiff to forfeit her deposit of $720 on account of the purchase money.   (*Freeman* v. *Grant*, 132 N. Y. 22; *Dexter* v. *Sims*, 133 id. 551; *Barnes* v. *Quigley*, 59 id. 265; *Arnold* v. *Angel*, 62 id. 508; *McMichael* v. *Kilmer*, 76 id. 36; *Gowdey* v. *Poullain*, 2 Hun, 219; *Beck* v. *Allison*, 56 N. Y. 366.)

*J. Geo. Flammer* for respondent.   The defendant was not obliged to offer the plaintiff a trustee's deed.   (*Beck* v. *Mallius*, 6 Seld. 509; *People* v. *Keyser*, 28 N. Y. 226.)   Plaintiff waived the tender of a deed by rejecting the title.   (*Blewett* v. *Baker*, 58 N. Y. 613; *Crary* v. *Smith*, 2 id. 65; *Cornwell*

v. *Haight*, 21 id. 462; *Bunge* v. *Koop*, 487 id. 225; *Crist* v.
*Armour*, 34 Barb. 378; *Wheeler* v. *Garcia*, 40 N. Y. 584;
*Knapp* v. *McGown*, 96 id. 75.) A purchaser should not
be permitted to speculate upon defects in the title and to
decline the title — and, when it subsequently appears to be
advantageous to him to accept the same, be allowed to
change his entire position. (*Haffey* v. *Lynch*, 46 N. Y. S. R.
127.)

GRAY, J.    This action was at law, to recover back a deposit
made on account of the purchase money for premises in New
York city, which had been offered at public auction and were
struck down to the plaintiff upon her bid.    By the terms of sale
the purchaser was to receive a good title in fee simple, under
a conveyance " by usual trustee's deed," and all liens and incum-
brances were to be allowed out of the purchase money.    Plain-
tiff refused to complete the purchase; objecting to the defend-
ant's title as coming through the voluntary conveyance of an
insolvent debtor, who was, also, either at the time incompetent
to make any conveyance, or was induced to make it by fraud
or duress.

The case on appeal does not contain any of the evidence,
and the general facts are given in certain findings of fact
proposed by the plaintiff and allowed by the trial court.    If
the facts found by the court and embodied in the findings
warranted the conclusion of law that the plaintiff had failed to
make out a case and that her complaint should be dismissed,
that is an end of the case.    Also, we may presume that there
was sufficient evidence in the case to sustain the finding of
fact that " the plaintiff failed to maintain or establish her
objection to the title, etc.," if, when taken in connection with
the other findings of specific facts, allowed upon the plaintiff's
request, there shall appear to be no inconsistent finding of a
material fact, of which the appellant may claim to be entitled
to the advantage, as supporting her objections to the title.
Considering the facts detailed in the findings, we discover that
the deed to the defendant was by one McAnneny, executing

both individually and as executor of another, and conveying the land and buildings thereon by full covenant deed to the defendant, David Morrison, with no limitation or other description of person. There was executed on the same day by Morrison a declaration of trust, to the effect that he accepted the conveyance for the purpose of selling the property, of paying out of the proceeds of the sale "certain outstanding liabilities," enumerated in a schedule annexed; and, finally, of depositing the balance, less the costs and expenses of administration, to the credit and for the benefit of McAnneny's, the grantor's, children.

It appears that at the time of the execution of these instruments McAnneny was a member of a firm, and it was the firm's creditors to whom the proceeds of the sale of the premises were in the first place devoted. Other facts found were, that there was a firm creditor, whose claim was not included in the schedule; that McAnneny was "personally indebted to sundry persons;" that he and his firm were "financially embarrassed;" that he was a man suffering from habits of intemperance and from certain resultant physical consequences, and that plaintiff was informed that McAnneny was wasting his property, and being pressed by his creditors had been induced to sign the deed in order to save something for his children.

I have stated all the facts which can be deemed to be at all material to the plaintiff's contention, and I find nothing which casts any doubt upon, or affects, the title tendered by defendant. This was not a general assignment of McAnneny's property. The deed to defendant and his declaration of trust, together, made out only a purpose to transfer the particular property for realization upon and for paying thereout certain specified debts. The conveyance was perfectly good and operative between the parties to convey the full title. No rights of creditors intervened. There was no finding of fraud in the conveyance, or of insolvency in the grantor.

The finding that the grantor was "financially embarrassed" does not affect his conveyance, and certainly is not equivalent

to a finding of insolvency. One may be "financially embarrassed" and yet be possessed of abundant property, out of the proceeds of which, when realized upon, his debts could be paid. We have the right to assume that the evidence showed, or that it was the fact, that McAnneny had other property applicable to the claims of creditors; either because the evidence given upon the trial is not here, or because of the absence of a finding to the contrary.

If any creditors held claims which were liens upon the property, whether they were enumerated in the schedule attached to the trust declaration or not, they might have been discharged from the purchase moneys. As to creditors not having acquired liens upon the property, they could never attack the plaintiff's title; for she bought in good faith at public sale, and, as we may assume, for a full consideration, and it does not appear that she had any knowledge of any facts invalidating the title. None of the facts exhibited in the findings and which came to the notice of the plaintiff before her rejection of the title were of such a nature as to charge the plaintiff with knowledge of any fraud vitiating the title. She was a purchaser for a valuable consideration and any notice of fraud, to be effectual to impair or avoid the title, must have been actual. (R. S. 3d vol. 7th ed. 2330, § 5.) As well under the statute as at common law, circumstances to put the purchaser on inquiry, who pays full value, are insufficient to affect the title, unless they are equivalent to a notice of a fraudulent intent. (*Stearns* v. *Gage*, 79 N. Y. 102.)

In Sudgen on Vendors (Chap. 10, § 3, 15–21), it is remarked, with reference to objections to title, that a purchaser will not be permitted to object on account of a bare possibility, and that a mere suspicion of fraud is not sufficient. The remarks cover this case. The proof rises no higher than the possibility that McAnneny's habits and health were not such as to render him fit to manage his property. It displays, at most, an intention on his part, whether inspired by others or not is immaterial, to pay only certain creditors from this piece of property and to reserve any balance for his children. That is neither

proof carrying notice of any fraud, nor proof furnishing any ground for an inference of fraudulent intent. Had every fact been known by the plaintiff, at the time of the sale, which is set forth in the findings, there would have been no reason for refusing to purchase, upon grounds relating to the vendor's capacity to convey a good title.

There is no force in the objection that a proper deed was not tendered by defendant. The title stood in his name and he executed a deed with the usual covenants against the grantor's acts. It does not appear from the record that any other conveyance was required.

We think that the plaintiff has utterly failed to show that, upon the facts found, any reasonable doubt existed about the title to the premises, or that it was in any way disputable, and her complaint was properly dismissed. For the trial court to allow the defendant to withdraw his demand for specific performance, upon waiving any right to costs, was a matter lying within its discretion and not reviewable here. Besides that, the question is not here, as I can discover, by any exception in the record.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.