LOUIS HERMAN AND WILLIAM D, HELLTHAL, RESPOND-
ENTS, v. EMIL U. EBERT AND CAROLINE EBERT, AP-
PELLANTS.

Submitted March 22, 1923—Decided June 19, 1923.

Defendants agreed to convey, and plaintiffs to purchase, a lot of land
definitely described as to measurement; vendors did not own the
lot when deed was to be delivered, but subsequently acquired a
portion; vendee's obligation was to pay entire consideration in
cash. Before the day fixed for delivery of deed vendees notified
vendors that they rescinded the contract because vendors did not
have title. Vendees made no tender and sued for deposits made
on purchase price. Vendors then sold the land they acquired to
another party. *Held,* tender being futile, vendee was not re-
quired to show tender, or ability on his part to perform and could
maintain his action without proof of ability on his part to com-
ply. *Caporale* v. *Rubine,* 92 *N. J. L.* 463, distinguished.

On appeal from the First District Court of Newark.

Before Justices PARKER, BERGEN and MINTURN.

For the appellants, *Arthur B. Seymour.*

For the respondents, *David T. Lilwin.*

The opinion of the court was delivered by

BERGEN, J. Plaintiffs and defendants entered into a writ-
ten contract for the sale and purchase of a lot of land de-
scribed in the contract as being twenty-five feet front and one
hundred feet in depth, and plaintiffs paid $500 on account of
purchase price. The date of the contract was April 26th,
1920, to be consummated June 25th, 1920, and on that day
the counsel of plaintiffs notified defendants that they would
not take title because the size of the lot was only ninety-six
and two hundredths feet deep and twenty-five feet wide, in-
stead of one hundred feet in depth as required by the con-
tract. The defendants admitted that they did not have title

to more than, and only intended to convey, a lot twenty-five feet front and ninety-six and two hundredths feet deep, and in December following conveyed the lot to another person, in effect, rescinding the original contract. The plaintiffs brought this suit to recover the $500 paid on account of the purchase price and have a judgment from which defendants appeal.

The first ground of appeal argued is that the court should have granted defendants' motion to nonsuit because the plaintiff did not "show that he was in a position to carry out his contract and made a tender of the purchase-money." Under the contract the only covenant that plaintiff was required to perform was the payment of the purchase price, in cash on tender by the appellants of a deed according to the terms of the contract, but the appellants insist that the plaintiffs should have offered proof showing that they were able and ready to perform, as required in *Caporale* v. *Rubine*, 92 *N. J. L.* 463, in which Mr. Justice Kalisch, speaking for the Court of Errors and Appeals, said: "But the plaintiff was not relieved from establishing, in order to recover damages for a breach of contract, that he was able and ready to perform his part of the undertaking," citing *Bigler* v. *Morgan*, 77 *N. Y.* 312. The case in which Mr. Justice Kalisch made the foregoing observation related to an action for damages on breach of contract for exchange of land in which both parties were to give deeds, in which class of cases the rule is that each vendor of the lands should be able and ready to make the character of deed contracted for, but this is a very different situation from the instant case in which the vendee is to pay the consideration in money, and the action is to recover a deposit paid on a rescinded contract. In *Bigler* v. *Morgan, supra,* the contract related to the exchange of lands, and in that case it was held "to entitle him to recover damages for a breach of the contract, he must show that he was ready and willing to deliver such a deed as the contract called for," and that the refusal of the defendants to perform, although it obviated the necessity of a formal tender of a deed, did not dispense with the necessity of showing that the

plaintiff was able, ready and willing to perform, and, ordinarily, this requires that the deed called for by the contract be prepared and ready for delivery. The proof now referred to does not show that the plaintiff was either ready or willing to deliver such a deed. *Morange* v. *Morris, 32 How. Pr.* 178, and 3 *Keyes* 50, is cited as an authority for the proposition that in an action like this the refusal or admitted inability of one party to a contract of this description, to perform, dispenses not only with an actual tender of performance by the other party, but with proof of his readiness to perform. That case is not an authority for any such proposition. It was not an action to enforce the contract, or for damages for its breach, but to recover back a payment made on account of the purchase-money, on the ground that the vendor not being ready at the time appointed to convey a good title, the vendee had exercised his right to rescind and reclaim what he had paid. The cases are widely different and depend upon different principles; a contract for the purchase or exchange of lands may be rescinded, and purchase-money paid in advance may be recovered back, on the failure of one party to perform even though the other party could not have performed. In an action to rescind and recover back payments, it is enough to show a breach by the party who has received the money (*Lawrence* v. *Taylor, 5 Hill* (*N. Y.*) 115), but not so when the action is to enforce the contract or recover damages. In the instant case the plaintiffs rescinded because the defendants (appellants) were not the owners of the property on the day fixed for the delivery of the deed, and they never did become the owners of the land which the contract embraced. They did subsequently acquire part of the property embraced in the contract, but refused to convey to the plaintiffs for the same sum of money, because they claimed that they had made improvements on the property, and their subsequent conveyance of the portion of the property thus acquired to a third party, disqualifying them from performance, amounted to a rescission on their part. In *Morange* v. *Morris, 3 Keyes* (*N. Y.*) 48, the contract was for the sale of land, the consideration to be cash. The vendor was not able

to comply,. and suit was brought by vendee to recover $1,500 paid on account of the purchase price on the execution of the agreement, the defendants being unable to convey the land to the vendee according to the contract. In disposing of this case the court said, "there may be circumstances, however, which would excuse a party from such performance, and enable him to take advantage of the default of the other party, although he has not performed, or offered to perform, on his own part. A tender of performance need not be made when it would be wholly nugatory." In *Lawrence* v. *Taylor, supra,* it was held that where the contract provided that the title should be satisfactory to the vendee, and it appeared that the vendor had no title, the vendee might recover without showing the offer on his part to comply with conditions precedent specified in the contract. In that case the proof showed that the vendors never had a good title to the whole of the land, and there was no proof that the plaintiff had tendered payment.

The defendant requested the court to instruct the jury that the plaintiff could not recover because he had not shown either a performance on his part, or an offer to perform, which was refused, and that ruling was one of the grounds of defendants' exceptions.

The appellate court held that all the plaintiff was required to show was want of title in the vendor, and there being no such title, or a defective one, any precedent condition on the part of the vendee need not be fulfilled, such as a tender of conveyance, payment or security, and that to require the performance . of such a condition, in this particular sort of contract, is demanding of the vendee a most idle act : and what would be required in no other case of a like character. As has been said the instant action is for the recovery of a deposit paid vendor on a contract subsequently rescinded, and not damages for breach of contract, and, therefore, *Ackley* v. *Richman,* 10 *N. J. L.* 304, and *Shinn* v. *Roberts,* 20 *Id.* 435, do not apply to the present discussion. The refusal to nonsuit for the reasons given was proper.

The next ground urged by the appellant is that the court refused defendants' offer to prove that the premises had been shown to the plaintiff, and if allowed would have shown that plaintiffs could see at a glance the size of the property they were buying. The trouble with this objection is that the defendant Caroline Ebert was asked whether she had seen one of the plaintiffs on the premises and answered "Yes." She was asked how often she had shown him the premises and answered. "He was there once." She was next asked, "What did you show him, and what did you do?" This was objected to as immaterial and the objection sustained. The question was not material. because an ordinary person would not be likely to determine the depth of a lot by a casual observation. The defendants knew that the lot was not one hundred feet in depth, as represented in the contract on which the plaintiffs had a right to rely.

The appellants' next point is refusal of the court to allow proof that plaintiffs advertised the property for sale between the date of contract and June 25th, 1920, the day fixed for compliance. The plaintiffs expecting to get a good title advertised the lot for sale in anticipation thereof, but that had nothing to do with the defendant's default in not conveying as they had contracted. The offer was of proof not material to the issue being tried.

The next point is that the description of the size of the lot was not material. We think that it was. This disposes of all the points raised by the appellants, and there being no error, the judgment will be affirmed, with costs.