In the Matter of BENJAMIN H. WHITESTONE, an Attorney.— Proceeding dismissed. No opinion. Present — Clarke, P. J., Finch, McAvoy, Martin and Burr, JJ.

## SECOND DEPARTMENT, DECEMBER, 1926.

IRENE C. GRACE, Respondent, v. ADOLF BLECHNER and ALBERT BLECHNER & SONS, INC., Appellants.— Motion for stay denied. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

JOSEPH GRACE, Respondent, v. ADOLF BLECHNER and ALBERT BLECHNER & SONS, INC., Appellants.— Motion for stay denied. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE S. ABELL, Relator, v. JOHN H. CLARKSON and Others, etc., Respondents. JOHN E. PRESTON and WILLIAM W. STUART, Intervenors.— Motion for stay granted by consent. Present — Kelly, P. J., Jaycox, Young, Kapper and Lazansky, JJ. Settle order on notice.

JULIUS BASHLOW, Appellant, v. THEODORE I. SCHWARTZMAN and LEOPOLD R. REICH, Respondents. SIDNEY ASH, Defendant.— Order granting motion to dismiss complaint modified so as to give leave to plaintiff to serve an amended complaint within twenty days from the entry of the order herein, upon payment of costs to date. In the event of such payment, and of service of the amended complaint, the judgment entered upon such order is vacated, without costs. In default of compliance by plaintiff with said conditions, the order and judgment appealed from are affirmed, with costs. Kelly, P. J., Jaycox, Young and Lazansky, JJ., concur; Kapper, J., dissents from the modification, and votes to affirm, on the ground that plaintiff did not have title to the land, such title being an absolute prerequisite to the maintenance of an action for damages for defendants' alleged breach of this contract. (*Bigler* v. *Morgan*, 77 · N. Y. 312; *Booth* v. *Milliken*, 127 App. Div. 522, 527; *Stern* v. *McKee*, 70 id. 142, 146; *Todd* v. *Union Casualty & Surety Co.*, Id. 52, 55; 2 Williston Cont. 1690.)

JANE CAVANAGH, as Administratrix, etc., of MATTHEW CAVANAGH, Deceased, Respondent, v. STATEN ISLAND EDISON CORPORATION, Appellant.— Judgment reversed on the law, and new trial granted, costs to abide the event. In our opinion, it was error to exclude defendant's Exhibit A for identification. This clearance slip, according to the testimony of the witness Poole, was made out in the presence of Scott, was shown to and approved by him, and so became a part of the very transaction involved. In these circumstances it should have been admitted in evidence as part of the *res gestæ.* Whether or not it was shown to Scott, and understood and approved by him, was a question for the jury's determination. Kelly, P. J., Jaycox, Young and Lazansky, JJ., concur; Kapper, J., dissents upon the ground that the paper, unsigned by Scott, and not admitted by him to have been shown to him, was a self-serving declaration, and inadmissible.