ISAACSON & WEINGRAD, INC., Respondent, *v.* NEWPORT IRON WORKS, INC., and Others, Defendants.
LOUIS KAYE, Purchaser, Appellant.

Second Department, March 14, 1930.

*Clarence G. Bachrach* [*Herman S. Bachrach* and *Max S. Kane* with him on the brief], for the appellant.

*Isidore Oshlag*, for the respondent.

PER CURIAM. If the Reid action placed the purchaser on inquiry (*Anderson* v. *Blood*, 152 N. Y. 285; *Fidelity & Deposit Co.* v. *Queens County Trust Co.*, 226 id. 225), no inquiry as to the facts and circumstances with reference thereto was made by the purchaser. Investigation might have disclosed the real situation one way or the other. As the record stands, there was merely a suspicion of fraud which does not warrant a rejection of title. (*Jacobs* v. *Morrison*, 136 N. Y. 101.) The facts submitted by the purchaser with reference to the occupancy of the premises are too vague to be an objection to the title. On the other hand, the facts submitted by the plaintiff show that it was in occupancy of the premises at the time of the proposed closing of the title, and as it was subject to the judg-

ment, its possession was not an objection to the title. It appears that there were judgments against Kanefsky and Bernstein, or either of them, which were liens on the property prior to the mortgage herein, or became such on the reconveyance by Newport Iron Works to Kanefsky in November, 1926, provided that the judgments were against the Kanefsky and Bernstein herein involved. The plaintiff offered no proof that these judgments were not against the Kanefsky and Bernstein in the foreclosure suit. The purchaser was, therefore, justified in rejecting title at the time it was to have closed. However, if the fact be that these judgments are not against the defendants Kanefsky and Bernstein, then plaintiff should have an opportunity to present that fact to the court, as it does not appear that delay has prejudiced the purchaser.

The order denying purchaser's motion to set aside sale and the order granting plaintiff's motion to direct purchaser to complete purchase should be reversed upon the law and the facts, with ten dollars costs and disbursements, motion in so far as it seeks to relieve purchaser granted, and motion to direct purchaser to complete denied, with ten dollars costs, without prejudice to a renewal of plaintiff's motion to compel the purchaser to complete the sale upon proof that the judgments entered prior to the mortgage under foreclosure and against the names of Max Kanefsky and Isidore Bernstein, or either, were not against the Kanefsky and Bernstein herein involved.

LAZANSKY, P. J., HAGARTY, CARSWELL, SCUDDER and TOMPKINS, JJ., concur.

Order denying purchaser's motion to set aside sale and order granting plaintiff's motion to direct purchaser to complete purchase reversed upon the law and the facts, with ten dollars costs and disbursements [motion to set aside sale granted], *motion in so far as it seeks to relieve purchaser granted,* and motion to direct purchaser to complete denied, with ten dollars costs, without prejudice to a renewal of plaintiff's motion to compel the purchaser to complete the sale upon proof that the judgments entered prior to the mortgage under foreclosure and against the names of Max Kanefsky and Isidore Bernstein, or either, were not against the Kanefsky and Bernstein herein involved.