(26 App. Div. 455.)

### ALLEE et al. v. SLANE et al.

(Supreme Court, Appellate Division, Second Department.     March 8, 1898.)

FRAUDULENT CONVEYANCE—PRESUMPTIONS—DEED TO WIFE.

Where, in a creditor's action to set aside a conveyance from the debtor to his wife, the plaintiff fails to establish that he was a creditor when the transfer was made, or that the debtor was insolvent at the time of the delivery of the deed, no presumption of fraud in the conveyance arises from the relationship between the grantor and the grantee.

Appeal from special term, Kings county.

Action by William H. Allee and others against John T. Slane and Cecilia I. Slane.     From a judgment dismissing the complaint, plaintiffs appeal.     Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William H. Sage, for appellants.

M. F. McGoldrick, for respondents.

WOODWARD, J.     It will be conceded, as contended by the counsel in behalf of the plaintiffs, that a conveyance by a husband to his wife will always be carefully scrutinized, and that as to creditors it is open to the presumption of fraud; but in the case at bar the plaintiffs have failed to establish that they were creditors at the time the transfer was made, or that the defendant John T. Slane was insolvent at the time of the delivery of the deed to his wife. It is true that there is some conflict in the statements of the defend-

ants in respect to some of the details; but these cannot avail to give the plaintiffs a cause of action in the absence of affirmative evidence to show that the transfer of the property was made after the indebtedness of the defendant, and at a time when he was otherwise insolvent. The trial court, on a hearing of the evidence, decided that, "at the time of the making, delivery, and recording of said deed to Cecilia I. Slane, the defendant John T. Slane was solvent and had sufficient property to meet all his obligations," and that, "at the time, he was not indebted to the plaintiffs"; and a careful examination of the testimony affords no good grounds for disturbing this finding of fact, or the conclusion of law based upon such finding. The plaintiffs having failed to establish a condition of facts which brings the defendants within the presumption which the plaintiffs' counsel urges, it is unnecessary to consider the authorities cited.

The judgment of the trial court is affirmed, with costs to the defendants. All concur.