CATHARINE VOGEDES, Respondent, v. ADAM W. BEAKES, as Sheriff of Orange County, Appellant.

*A transfer is void as to creditors, though made in consideration of a bona fide debt, if made with intent to defraud — presumption where there is no change of possession — new trial in furtherance of justice — what is not a conversion of book accounts.*

A transfer of property made by a husband to his wife with intent to hinder, delay or defraud creditors, cannot be upheld by proof that the transfer was made in consideration of a *bona fide* debt due to the wife from her husband.

The fact that no change of possession accompanied the transfer raises the presumption that the transfer was fraudulent and presents a question of fact as to whether it was made in good faith.

*Semble* that an exception, taken by a defendant who asserts that the transfer was fraudulent, to the direction of a verdict against him, is sufficient to raise the point whether the court erred in withdrawing from the jury the question whether there was any change of possession.

On an appeal from an order denying a motion for a new trial, the Appellate Division may grant a new trial in furtherance of justice, although there is no exception sufficient to present the question of legal error.

The seizure of books of account and the service of notice upon the debtors of the husband, who has assigned his claims against them to his wife, by a sheriff acting under a warrant of attachment against the husband, does not amount to a conversion of the accounts; in any event, in an action brought by the owner of the accounts for conversion, the sheriff is only responsible for the amount actually collected by him upon such accounts.

GOODRICH, P. J., dissented

APPEAL by the defendant, Adam W. Beakes, as sheriff of Orange county, from a judgment of the County Court of Orange county in

favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 18th day of September, 1897, upon the verdict of a jury, with notice of an intention to bring up for review upon such appeal an order bearing date the 11th day of October, 1897, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

The action was brought to recover from the defendant the value of certain property which had been transferred to the plaintiff by her husband and was seized by the defendant under a writ of attachment against the plaintiff's husband.

*Caleb Birch, Jr.,* for the appellant.

*Darwin W. Esmond,* for the respondent.

Cullen, J.:

I think that the defendant should have a new trial. Assuming that the *bona fides* of the debt from her husband to the plaintiff was conclusively established, this fact alone would not uphold the transfer of the property if it was made with intent to hinder, delay or defraud creditors. (*Billings* v. *Russell,* 101 N. Y. 226.) There was some evidence from which the jury might have found that no change of possession accompanied the transfer from the husband to the wife, for they were not obliged to believe the testimony of the plaintiff, she being an interested party. If the jury found there was no change of possession the transfer was presumptively fraudulent, and then was presented the further question to be determined by the jury, whether the transfer was made in good faith. I think the learned county judge erred in withdrawing this question from the jury; and I also think that the defendant's exception to the action of the court in directing a verdict against him is sufficient to raise the point. However this may be, we have before us an appeal from the order denying defendant's motion for a new trial, and on that appeal we can grant a new trial in furtherance of justice, even though there is no exception sufficient to present the question of legal error. I think a new trial is required, for the reason that the damages awarded are excessive. On the attachment the defendant seized the plaintiff's books of account, and also assumed to levy on some debts due from third parties to the plaintiff's husband and

assigned to her, or which had accrued to the plaintiff herself in the conduct of the business since the assignment. These book accounts on their face amount to over $300. The defendant was able to collect on them $77.35. The action is in form for conversion or trover, and in submitting to the jury the amount of the plaintiff's damages (which was the only question left to them) the county judge treated the action of the sheriff in making his levy as a conversion of the debts or claims, and left the question of their value to the jury. By the price fixed upon the goods attached it is plain that the jury must have allowed the plaintiff between $200 and $300 for these book accounts. I do not understand that there can ordinarily be any conversion of a chose in action, except where it is represented by a written instrument or something that is capable of manual seizure or possession, and not even in every case of that character. A promissory note, a railroad bond, a certificate of stock, are doubtless the subjects of conversion, because by their seizure and their transfer to *bona fide* holders for value the owner may lose the thing in action which they represent. But neither the seizure of the plaintiff's books of account, nor any notice served upon her debtors by the sheriff, could in any manner affect her title to the claims. She could have sued her debtors the next day despite of the levy of the attachment; nor did the attachment protect her debtors in paying their debts to any one but herself. She has never lost a claim against her debtors. As to the amount actually collected by the sheriff on these claims, it is possible that he could be compelled to account therefor in this action; anyway, it is but fair that he should so account. But beyond the sum actually collected he should not be held liable.

The order denying defendant's motion for a new trial should be reversed and a new trial granted, on payment by the defendant of the costs and disbursements of the trial.

All concurred, except GOODRICH, P. J., who read for modification.

GOODRICH, P. J. (dissenting):

I cannot agree with the prevailing opinion of Mr. Justice CULLEN for reversal because I am satisfied that we are in a position to do exact justice between the parties, and that further litigation over a small amount should be prevented.

The defendant, as sheriff of the county of Orange, in March,

1897, levied on, removed and sold at auction certain stock in trade, fixtures and book debts, by virtue of an attachment against the property of Frederick Vogedes, the husband of the plaintiff. It appeared without contradiction that the plaintiff, in 1896, loaned her husband $3,700 to go into business as a manufacturer of cigars; that she afterward discovered that he had become insolvent, and that in December of that year she consulted a lawyer and compelled her husband to give her a written bill of sale of the property in question. The plaintiff went into actual possession of the business, changed the sign over the door, paid the rent and executed a power of attorney appointing her husband her attorney to carry on the business. With these undisputed facts in evidence the court properly ruled that there was no evidence impeaching the plaintiff's title to the property, and that the only question for the jury was the value of the property seized and sold by the sheriff.

I do not overlook the contention of the defendant, that there is an estoppel arising from the fact that when the sheriff made his levy the plaintiff asserted a claim only to a stove and two pictures which the sheriff had enumerated in his inventory, which goods were, therefore, excluded from the levy. There was sufficient evidence to justify the jury in finding that when the sheriff levied upon the goods, the plaintiff notified him that the business and all the property belonged to her; in addition to which it appeared that, a few days after the levy, and before the sale, the plaintiff on two occasions gave the sheriff written notice of her title under the bill of sale to all the seized property and demanded its return. There could be no estoppel under these circumstances by any failure of the plaintiff to make her claim at the time of the levy, as the sheriff had full notice before the sale of the plaintiff's title to the property. These facts clearly differentiate the present case from *Chapman* v. *O'Brien* (34 N. Y. Super. Ct. 524), cited by the appellant.

But I am inclined to think that the verdict was excessive. One of the plaintiff's witnesses testified that the value of the goods seized and sold by the sheriff was $285.30, while the plaintiff testified that the value was $388.10. These goods were sold at auction by the sheriff for $73.90, and one of the appraisers appointed by the sheriff fixed the value at $120, but he admitted that he did not know the value of some of the goods. On this evidence the jury would

have been justified in finding the value of the goods sold to be the lowest amount testified to by the plaintiff's witness, $285.30. To this should be added the amount actually collected by the sheriff on the book accounts which were levied on under the attachment.

It is not necessary to decide the question of the right of the sheriff to sell the book accounts, even though they were formally levied on by him under the attachment. He is clearly liable for such collections as were made by him, and these he admits amounted to $77.35. These two sums amounted to $362.65, and I think the judgment should be reversed unless the plaintiff stipulates to reduce the judgment and allowance accordingly.

Order denying defendant's motion for a new trial reversed, and new trial granted on payment by the defendant, within twenty days, of the costs and disbursements of the trial, in which case the judgment appealed from is vacated; on failure to comply with the terms aforesaid, judgment and order affirmed, with costs.