(108 App. Div. 241.)

## MICHEL v. BETZ.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

1. CORPORATIONS—OFFICERS—ACQUIRING CORPORATE PROPERTY—ACTION BY
   STOCKHOLDER—COMPLAINT—SUFFICIENCY.
       Where a stockholder of a corporation sued to compel a director to
   account for corporate property purchased by him under foreclosure of
   mortgages, plaintiff alleging a fraudulent scheme to acquire the corpo-
   rate property, mere allegations that default was suffered on the mortgages
   were insufficient; there being no allegations that the corporation had
   money wherewith to prevent the default.

2. RECEIVERS—TITLE TO PROPERTY.
       Where a corporation was voluntarily dissolved and a receiver ap-
   pointed, the corporate property vested in him.

3. SAME—DISCHARGE OF RECEIVER—EFFECT ON TITLE.
       The mere discharge of a receiver of a corporation voluntarily dis-
   solved did not divest him of the property of the corporation which vested
   in him on his appointment.

4. SAME—ACTION BY STOCKHOLDER—PARTIES.
       Foreclosure proceedings having been brought against a corporation,
   it was voluntarily dissolved; and thereafter a stockholder sued, alleg-
   ing indebtedness of the corporation, and that the foreclosure and dis-
   solution had been brought about by a director, who thereby acquired the
   property, and that the receiver had been discharged. Held that, the
   discharge of the receiver not having divested him of his property in
   the cause of action and the creditors being entitled to representation,
   the receiver was a necessary party.

Appeal from Special Term, New York County.

Action by Leonhard Michel against John F. Betz. From a judg-
ment in favor of plaintiff, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTER-
SON, CLARKE, and INGRAHAM, JJ.

Abram I. Elkus, for appellant.
Harold Nathan, for respondent.

INGRAHAM, J. The plaintiff in this action sues on behalf of
himself and other stockholders of the D. G. Yuengling Brewing Com-
pany. His object is to compel the defendant to account for property
of the corporation which he purchased at a sale under a judgment in
foreclosure from a receiver, and for profits made out of the use of the
said property, and also that it be adjudged that the defendant holds
the real and personal property formerly belonging to the said corpora-
tion received by him in trust for the stockholders of the said corpora-
tion, and that the said real estate be impressed with a trust in favor of
such stockholders.

It is alleged that the brewing company was a domestic stock business
corporation organized under the laws of this state; that it was the
owner of certain real estate described; that the plaintiff is a stock-
holder owning 62 shares of the capital stock of the company. The
real property of the corporation was incumbered by a first mortgage
to secure the sum of $310,000, held by the Mutual Life Insurance
Company of New York, and by a second mortgage made to the State
Trust Company as trustee, to secure the payment of bonds to the

amount of $1,000,000. It is also alleged that prior to the 7th day of June, 1894, the company had issued $945,000 of said bonds; that in the year 1894 the defendant became a director of the said company and also its treasurer, and so remained until the corporation was dissolved; that the defendant purchased the bonds issued and secured by mortgage of the par value of $773,200; that he subsequently obtained possession of other bonds which gave him control of bonds of the par value of $900,000, and that by controlling such bonds he was able to name five out of the seven directors of the corporation; that the defendant thereafter directed and managed the affairs of the said company in accordance with his own personal wishes and in his own interest; that in the latter part of the year 1896 the defendant determined to acquire for himself all the property of the company, which it is alleged was worth over $3,000,000; that the liabilities of the corporation at that time, including its mortgage and bonded indebtedness, amounted to less than the sum of $1,735,000; that in the month of January, 1897, the defendant, for the purpose of acquiring possession of the said property, entered into a wrongful scheme and conspiracy with the brewing company with the object and intent of acquiring the property of the company for his own absolute use for a trifling consideration; that as a part of said wrongful and unlawful scheme it was agreed that the said company would institute voluntary proceedings to bring about the dissolution thereof, the appointment of a receiver of its property, and the sale thereof, and that such proceedings should be conducted in the interest of the defendant and for the purpose of transferring the title to all of the said property to the defendant for as small a consideration as possible, and for the purpose of annulling and defeating all claims and interests of creditors and stockholders; that the defendant employed a firm of attorneys practicing in the courts of the state of New York to conduct such proceedings for the aforesaid purposes; that pursuant to such scheme and conspiracy the said company, acting upon the advice and instruction of defendant's said attorneys, suffered default in the payment of interest of both the first mortgage and second mortgage bonds, and suffered and permitted an action to be commenced to foreclose the first mortgage, and the said company and a majority of the directors thereof, acting under instructions from the defendant and by the advice and direction of the said attorneys, instituted a proceeding in the Supreme Court for the voluntary dissolution of the corporation, and in such proceedings a temporary receiver was appointed; that thereupon the said attorneys of record for the corporation became the attorneys and counsel for the said receiver and had entire charge and control of all proceedings leading up to the sale of the company's property; that on the 17th day of June, 1897, an order was made by the Supreme Court dissolving the said corporation and appointing a permanent receiver thereof who duly qualified as such; that thereafter, and pursuant to said scheme and conspiracy, the defendant, through said firm of attorneys, acting nominally as attorneys for the receiver, about the 3d day of June, 1897, procured an order of the Supreme Court authorizing the sale by the receiver of all the chattels and personal property of the said corporation, and providing in substance that the proceeds of the sale of

all the property covered by the said mortgage to the State Trust Company, including the good will of the said company, should be paid over to the said State Trust Company as trustee under the said mortgage; that pursuant to said scheme and conspiracy, the action brought by the Mutual Life Insurance Company to foreclose its mortgage upon the real property of the corporation was suffered to proceed to final judgment of foreclosure and sale, and the said premises were sold by a referee appointed by the Supreme Court, and, without any competitive bidding, purchased by the defendant for the sum of $339,000, and that as part of the said purchase money the defendant gave a new mortgage on the property to the said Mutual Life Insurance Company for the sum of $325,000, being $15,000 more than the amount of the said mortgage held by the Mutual Life Insurance Company on the premises which it had just foreclosed; that the fair value of the said premises was about $1,000,000; and that thereupon all the real and personal property of the company in accordance with such sale was delivered to the defendant, who thereupon went into possession of all the property, and has appropriated the same and the good will of the said business to his own use, conducted the said brewing business at the same place and made large profits out of his use of the said property. It is further alleged that the permanent receiver having duly accounted was by an order of the Supreme Court duly discharged as such receiver; that said receiver before such discharge exhausted all the assets of the said corporation which came into his hands; and that the same as administered by him were not sufficient to pay more than a very small dividend to creditors, and that nothing whatever was distributed among the stockholders.

To this complaint defendant demurs upon several grounds, among others, that there is a defect of parties plaintiff in that the corporation or its representative or the receiver was not made a party plaintiff; that there are defects of party defendant, in that the corporation, its representatives, directors, or receiver appointed by the Supreme Court was not made party defendant; and also that the complaint does not state facts sufficient to constitute a good cause of action.

There is no allegation in the complaint that this corporation had any money to pay the interest on the bonds and mortgage held by the Mutual Life Insurance Company or the bonds secured by the second mortgage on its real property, or that the defendant or the officers and directors of the company managed the affairs of the corporation so that the default in the payment of the interest and the other debts of the corporation was voluntary. It is alleged that the defendant and officers and directors of the company suffered the default in the payment of the interest, but, if the company had no means to pay the interest or its creditors, it is difficult to see upon what principle the defendant could be held liable for the difficulties in which the company became involved. It is alleged that the defendant was a large creditor, holding and controlling $900,000 of the second mortgage bonds. There is nothing inconsistent in the relation of creditor with that of director or officer of the corporation; and the fact that a director or officer of the corporation is himself its principal creditor does not prevent such a creditor from taking such measures as necessary to secure

the payment of what is due to him. Unless the corporation had some means of paying the interest on these mortgages and the other indebtedness of the corporation, the mere fact that this defendant was its principal creditor, and at the same time a director or officer of the company controlling the corporation and was proceeding to foreclose the mortgage to secure the indebtedness of the corporation, or to enforce his demands against it, would not by itself give the stockholders a cause of action. Assuming, however, that the facts alleged gave to the corporation or its receiver a cause of action against its director and treasurer, such cause of action vests in the corporation and not in the stockholders. The corporation could sue to compel its defaulting officer or director to account for all money or property improperly or fraudulently acquired by him; or if the corporation, being in the control of the officer or director, refuses to sue, then an individual stockholder could maintain a suit against the defaulting director or officer to enforce the claim of the corporation. But in such a suit the corporation is a necessary party, either as plaintiff or defendant, for it is to enforce the claim of the corporation, and not of an individual stockholder or the stockholders in a body.

As was said by Judge Haight, in Niles v. N. Y. C. & H. R. R. R. Co., 176 N. Y. 119, 68 N. E. 142:

"In determining this question we must bear in mind that the rights of the creditor are superior to those of the stockholders, who are only permitted to share in the earnings of the corporation or in the division of its assets after the claims of creditors have been satisfied."

In discussing the policy of the officers and directors and their motives in that case, it was also said:

"Many of the overt acts alleged are lawful and justifiable when done in good faith, and without any intent or purpose to harm others—as, for instance, it was lawful for defendant Morgan and his associates to purchase stock and bonds of the New York & Northern Company and to hold the same for investment or for profit. Upon the failure of the company to pay the interest accrued upon the bonded indebtedness, they had the right to petition the trustee to foreclose the mortgage; but they had no right to enter into a conspiracy with the officers of the corporation, elected by them after they had acquired a majority of the stock, to refuse to accept traffic from other railroad and transportation companies, from which the corporation could have derived an income sufficient to pay the interest accruing upon the bonded indebtedness, or to otherwise divert the earnings of the company so as to bring it in default, and permit the bringing of the foreclosure action for the purpose of cutting off the interest of the minority stockholders or of the general creditors. The refusing of traffic and the diversion of funds operated to deplete the company's treasury, and was a direct wrong to the corporation. It was an injury for which an action could have been maintained by the corporation, its receiver, if one had been appointed, or by any stockholder, after proper demand, in behalf of the company and for its benefit. In such an action the creditors are vitally interested. They have the right to have the action prosecuted on behalf of the company, so that their interests may be protected, and their claims paid out of any recovery which may be obtained."

If the corporation was dissolved and a receiver appointed, then the property of the corporation having vested in the receiver, he was the proper party to enforce the cause of action against the defendant.

It is alleged that the indebtedness of this company exceeded $1,700,000, and that its creditors have received but a small dividend

upon their claim. These creditors are entitled to be paid before the stockholders are entitled to receive anything, and they are entitled to be protected by having as a party to the action either the corporation or the receiver, so that the money recovered could be paid to the receiver and the creditors protected; and for that purpose either the corporation or its receiver was a necessary party to the action. · The complaint alleges, however, that the corporation has been dissolved, that a permanent receiver was appointed who has accounted for the property received by him and has been discharged. At the time of the dissolution of corporation the property of the corporation vested in the receiver (Matter of Atty. Gen. v. Atl. Mutual Life Ins. Co., 100 N. Y. 279, 3 N. E. 193), and when such cause of action had vested in the receiver, the discharge of the receiver did not divest him of this property. It is not alleged that it had been transferred by order of the court appointing him or by the order by which he was discharged. He had accounted for the property that came into his hands, and had been discharged from all liability therefor. The right of action here sought to be enforced, if one exists, continues vested in the receiver. Until he had transferred it, and while it remained vested in him, it was his duty to enforce it against the defendant. A simple discharge of the receiver could not divest him of the property of the dissolved corporation which had vested in him on his appointment. If, after demand by the plaintiff to enforce such cause of action, he should refuse, the plaintiff, as a stockholder, could maintain an action making the receiver a party, and ask for a judgment requiring the defendant to account to the receiver for any property or claims that he had unlawfully acquired, or for which he was liable to account to the corporation. It is now settled that the stockholders, as such, have no cause of action either individually or collectively because a director or officer unlawfully obtained property of the corporation. Niles v. N. Y. C. & H. R. R. R. Co., supra; Flynn v. Brooklyn City R. R. Co., 158 N. Y. 493, 53 N. E. 520, where it was said:

"The right of action, however, belongs to the corporation, and should be brought by it as plaintiff; but, when it will not bring the suit itself, an aggrieved stockholder after due demand and a refusal or unreasonable neglect to proceed, may bring it in his own name upon making the corporation a party defendant. Such an action is not for the benefit of the plaintiff alone, but is representative in character and for the benefit of himself and all other stockholders similarly situated."

See, also, Greaves v. Gouge, 69 N. Y. 154; Loewenstein v. Diamond Soda Water Co., 94 App. Div. 383, 88 N. Y. Supp. 313; Alexander v. Donahue, 143 N. Y. 203, 38 N. E. 263.

The case of Ellinger v. Persian Rug & Carpet Co., 142 N. Y. 189, 36 N. E. 1055, 40 Am. St. Rep. 587, has no application, for in that case the trustee was a party defendant.

If it should be held that this receiver was divested of this cause of action by reason of his discharge as receiver, it would follow, I think, that the cause of action would then vest in the directors of the corporation, as trustees for the creditors and stockholders, under the provision of section 30 of the General Corporation Law, chapter 687, p. 1811, Laws 1892. The corporation being dissolved, it could own no

property. The property would then vest in the directors of the corporation, who would become trustees for the creditors and stockholders, and would be entitled to enforce this cause of action and would be necessary parties thereto. Marstaller v. Mills, 143 N. Y. 398, 38 N. E. 370. I think, therefore, that the action in this form cannot be maintained without the presence of either the receiver or directors of the corporation as either parties plaintiff or defendant, and that for that reason the demurrer should have been sustained.

Judgment appealed from should therefore be reversed, with costs, and judgment directed sustaining the demurrer, with costs, with leave to plaintiff to amend upon payment of costs in this court and in the court below. All concur.