## CAIN v. SNYDER et ux.

(Supreme Court, Trial Term, St. Lawrence County. March 23, 1912.)

1. FRAUDULENT CONVEYANCES (§ 298*)—ACTION TO SET ASIDE—SUFFICIENCY OF EVIDENCE—FRAUDULENT INTENT.

　　Evidence in a creditor's action to set aside a conveyance from a husband to his wife *held* to sustain a finding that the conveyance was made by the husband with intent to defraud plaintiff.

　　[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 892–895; Dec. Dig. § 298.*]

───────────────────────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. FRAUDULENT CONVEYANCES (§ 308*)—WANT OF CONSIDERATION AS ELEMENT OF FRAUD.

The payment of a valuable consideration to a debtor upon a transfer by him of his property is not as a matter of law inconsistent with the existence of an intent on his part to defraud his creditors, or with such knowledge thereof by the purchaser as will avoid the conveyance.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 923–940; Dec. Dig. § 308.*]

3. FRAUDULENT CONVEYANCES (§ 156*)—RIGHTS OF PURCHASER—STATUTORY PROVISIONS—"NOTICE OF THE FRAUDULENT INTENT."

Under Real Property Law (Consol. Laws 1909, c. 50) § 266, which provides that the title of a purchaser for a valuable consideration shall not be affected, unless he had notice of the fraudulent intent of his immediate grantor, the words "notice of the fraudulent intent" refer to actual, and not to constructive, notice.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 495, 496; Dec. Dig. § 156.*

For other definitions, see Words and Phrases, vol. 5, pp. 4839–4844; vol. 8, p. 7733.]

4. FRAUDULENT CONVEYANCES (§ 278*)—PRESUMPTIONS—FRAUDULENT CHARACTER OF TRANSACTION.

A conveyance by a husband to his wife which renders the husband insolvent is presumptively fraudulent as to an existing creditor.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 801, 802; Dec. Dig. § 278.*]

5. FRAUDULENT CONVEYANCES (§ 301*)—CREDITOR'S ACTION TO SET ASIDE—SUFFICIENCY OF EVIDENCE—PURCHASER'S KNOWLEDGE OF FRAUDULENT INTENT.

Evidence in a creditor's action to set aside a conveyance from an insolvent husband to his wife *held* to show that the wife had actual knowledge or notice of the husband's fraudulent intent.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 904–907; Dec. Dig. § 301.*]

Action by Joseph W. Cain against Royal E. Snyder and wife to set aside defendant's conveyance to the wife. Finding of jury that conveyance was made with intent to defraud plaintiff, a creditor, approved, and finding that conveyance was taken by the wife without intent on her part to defraud plaintiff set aside.

Fred B. Waite and P. S. Slate, for plaintiff.
James C. Dolan, for defendants.

WHITMYER, J. The defendant Royal E. Snyder on the 19th day of December, 1910, purchased a stock of groceries from plaintiff for the sum of $1,245.07, and paid the sum of $50 on the purchase price. At that time he was the owner of real property situated in the village of Gouverneur, N. Y., the value of which was $1,200 approximately. After the sale the plaintiff, Joseph W. Cain, made repeated demands upon defendant for a completion of the terms of sale. Being unable to raise the money required for the payment of the balance due on purchase price, although he made diligent efforts so to do, defendant did not complete and did not take possession of the stock. There was no change in the situation until the month of March, 1911. On March 8, 1911, defendant wrote to plaintiff, stat-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing that he had been and was then ill and had been and was unable to raise the money required for the completion of his contract and for the payment of bills incurred by him during his illness, and asked to be released from the contract. On the same day he procured a loan of $500 by a mortgage on his real property in which his wife joined. He claims that he used this money to pay bills incurred. He did not pay any of it to plaintiff.

Upon receipt of the letter referred to, plaintiff called upon defendant at his residence in Pope's Mills, St. Lawrence county, N. Y., to ascertain the situation. At this time he made another demand for completion. Defendant could not complete, and thereafter and about March 15, 1911, called upon plaintiff at his residence in Adams, N. Y., to discuss the situation. At this time the latter made what may be called a final demand, giving the former five days in which to complete. Defendant returned to Pope's Mills and within two or three days, the exact time does not appear, went to Brier Hill, St. Lawrence county, thence to Gouverneur, thence to Watertown, thence to Adams, and thence to Ogdensburg, where on March 23, 1911, he executed a deed of his said real property, which was the only property he had, to his wife, defendant Bessie A. Snyder, who was at Pope's Mills at the time. He sent the deed to her by mail. The execution by the wife of the mortgage theretofore given is stated to be the consideration for the deed; defendants claiming that the wife joined in the mortgage only upon the promise made at that time by her husband to convey the property to her. He went to Brockville, Canada, a day or two after the execution of the deed, registering at a hotel in that place under the name "Clarence Covell." From that place he went to Toronto, remaining about 10 days, after which he returned to Brockville, where the summons, dated March 22, 1911, and the complaint, verified April 20, 1911, in the action brought by plaintiff to recover the amount due, were duly served upon him April 28, 1911, pursuant to order. Defendant defaulted in the action, and plaintiff on July 3, 1911, duly recovered judgment against defendant Royal E. Snyder for $1,349.68. Execution was thereafter duly issued and a levy was made upon the stock, which was thereafter sold for $402.24. The wife knew about the purchase of the stock and the payment thereon. She knew about the efforts of her husband to procure the moneys for the payment of the balance, and the demands upon him by plaintiff for the same, and she joined in the mortgage upon the property and received the deed thereof with this knowledge.

Real Property Law, art. 8, § 263, provides, in effect, so far as material here, that a conveyance in writing of an estate in real property, made with the intent to hinder, delay, or defraud creditors, or other persons, of their lawful suits, damages, forfeitures, debts, or demands is void as against every person so hindered, delayed, or defrauded. Section 265 of the law makes the question of intent one of fact, and provides that a conveyance shall not be adjudged fraudulent as against creditors, purchasers, or incumbrancers solely on the ground that it is not founded on a valuable consideration. And section 266 of the law provides that the article of the law referred to

does not in any manner affect or impair the title of a purchaser or incumbrancer for a valuable consideration, unless it appears that he had notice of the fraudulent intent of his immediate grantor.

[1] The jury have found, and it is clear from the evidence, that the conveyance in question was made by the husband with the intent to defraud plaintiff, his creditor. The jury have also found, however, that it was received by the wife without any intent on her part to defraud the plaintiff. She claims that she was a purchaser for value, in good faith and without notice of the fraudulent intent of her husband.

It is clear from the real property law that, if the conveyance in question was not founded on a valuable consideration, it cannot be adjudged fraudulent as against plaintiff solely on that ground. It is also clear that, even if it was founded on a valuable consideration, it may, nevertheless, be adjudged fraudulent as against plaintiff, if it appears that the wife had notice of the fraudulent intent of her husband.

[2] The payment of a valuable consideration to a debtor upon a transfer by him of his property is not as a proposition of law inconsistent with the existence of an intent on his part to defraud his creditors, or of such knowledge thereof on the part of the purchaser as will avoid the conveyance. Billings v. Russell, 101 N. Y. 226, 4 N. E. 531; Vogedes v. Beakes, 38 App. Div. 381, 56 N. Y. Supp. 662. Defendants claim that the conveyance here was made in fulfillment of the husband's promise, given at the time that his wife joined in the execution of the mortgage upon the property. The circumstances make this somewhat doubtful, but, assuming it to be the fact and assuming that the execution of the mortgage by the wife constituted a valuable consideration for the conveyance, of which there is some doubt (Jackson v. Edwards, 7 Paige, 386), this alone will not uphold the conveyance, if it was received by the wife with knowledge or notice of the fraudulent intent of her husband. While the matter of consideration is an element to be considered, the question of notice is the important one.

[3] As used in the law, the words "notice of the fraudulent intent" refer to actual, and not to constructive notice. Stearns v. Gage, 79 N. Y. 102; Parker v. Conner, 93 N. Y. 124, 125, 45 Am. Rep. 178; Jacobs v. Morrison, 136 N. Y. 101, 105, 32 N. E. 552. In the case of Anderson v. Blood, 152 N. Y. 293, 46 N. E. 493, 57 Am. St. Rep. 515, the Court of Appeals says that all of the cases "are to the point that a purchaser for a valuable consideration is entitled to be protected in his title, and, in the absence of actual notice of fraud, it is necessary that the facts and circumstances, relied upon to charge him with knowledge of the fraud, should be of a character equivalent to notice. If the facts within the knowledge of the purchaser are of such a nature, as, in reason, to put him upon inquiry, and to excite the suspicion of an ordinarily prudent person and he fails to make some investigation, he will be chargeable with that knowledge which a reasonable inquiry, as suggested by the facts, would have revealed."

[4] The conveyance by the husband rendered him insolvent. Plaintiff was his creditor at the time. So that, being a conveyance to the wife, it was presumptively fraudulent. Allee v. Slane, 26 App. Div. 455, 50 N. Y. Supp. 55.

[5] The wife says that she accepted the conveyance without any intention of defrauding the plaintiff. But it is clear from her testimony and from her letter to Dowling that she knew about the purchase by her husband, the payment thereon, his efforts to raise the balance due, and the demands of plaintiff for the payment thereof. She joined in the mortgage upon the property, and received the conveyance thereof from her husband by mail about two weeks after the execution of the mortgage, knowing that plaintiff was making demands and threatening suit. In short, it is clear from the evidence, and it is impossible to escape the conclusion, that she had actual knowledge or notice of her husband's fraudulent intent. The husband never had possession of the stock, and did not derive any benefit from the purchase. The defendants are in an unfortunate situation, but it is due to the lack of foresight on the husband's part in purchasing before he ascertained whether he could procure the money necessary to pay, and possibly to his failure to defend the action brought by plaintiff on the contract, and, finally, to his failure to do anything, after judgment was taken against him, to reduce his loss as much as possible. Plaintiff, so far as appears, has been within his rights and is entitled to judgment.

The finding of the jury on the first proposition submitted is therefore approved, that on the second proposition is set aside (Learned v. Tillotson, 97 N. Y. 6, 49 Am. Rep. 508; Acker v. Leland, 109 N. Y. 11, 15 N. E. 743), and findings of fact and conclusions of law on the entire case may be prepared in accordance with this opinion.