## SMITH v. ELDREDGE et al.

(Supreme Court, Trial Term, Schenectady County. January, 1913.)

1. FRAUDULENT CONVEYANCES (§ 208*)—PERSONS ENTITLED TO ASSERT IN VALIDITY—SUBSEQUENT CREDITORS.

   Action to set aside a deed as fraudulent cannot be maintained by creditors whose claims were not in existence at the time of the conveyance.

   [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 631, 633; Dec. Dig. § 208.*]

2. BANKRUPTCY (§ 303*)—FRAUDULENT CONVEYANCES—INTENT OF GRANTOR—SUFFICIENCY OF EVIDENCE.

   Evidence, in an action by a trustee in bankruptcy to set aside conveyances of property by the bankrupt to his wife as fraudulent, held insufficient to sustain a finding that they were made with intent to hinder, delay, and defraud creditors.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 458–462; Dec. Dig. § 303.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by George H. Smith, trustee in bankruptcy of Frank S. Eldredge, against Frank S. Eldredge and others to set aside conveyances as fraudulent. Action dismissed.

Miller & Golden, of Schenectady, for plaintiff.

Miles R. Frisbie, of Schenectady, for defendants Frank S. Eldredge and Ella Eldredge.

WHITMYER, J. The action has been brought to set aside a deed of certain real property, situate on the westerly side of Wright avenue in the city of Schenectady, N. Y., executed and delivered by Frank S. Eldredge and Ella Eldredge, his wife, to Frank H. Dettbarn, dated April 8, 1908, recorded April 9, 1908, at 11:40 a. m., in Liber No. 183 of Deeds at page 154, and another of the same property, executed and delivered by the said Frank H. Dettbarn and Mary Dettbarn, his wife, to the said Ella Eldredge, dated April 9, 1908, recorded May 12, 1909, at 10:26 a. m. in Liber No. 191 of Deeds at page 43. The consideration for each conveyance was stated to be one dollar. An alleged indebtedness from Eldredge to his wife, the amount of which does not clearly appear, was claimed to be the actual consideration. The property was fairly worth the sum of $4,000, and was subject to a mortgage of $2,500 given to one Dora S. Campbell, dated April 1, 1908, and recorded April 8, 1908. Eldredge received $1,500 of the amount for which this mortgage was given, on April 8, 1908, and the balance of $1,000 a few months thereafter. Other real estate owned by him at the time, or his equity therein, was fairly worth the sum of $1,125. His indebtedness aggregated the sum of $1,500. His creditors were Frank H. Dettbarn, Van Loon & Hedden, Clark Witbeck, Dr. Lester Bates, a certain mason, and the Knapp & Hotchkiss Lumber Company. All of them were paid on the day of, or shortly after, the transfers, except the lumber company, which received $1,000 on April 8, 1908, and $195 on April 24, 1908. The lumber company claimed upwards of $2,300, but Eldredge disputed the amount. The conveyances were made during the controversy and the company acquired knowledge of them at the time, or immediately thereafter, from Eldredge himself. Action was brought some time later to recover $1,000, or thereabouts. This was settled March 29, 1909. In settlement, Eldredge gave, and the company, having knowledge of the transfers, accepted, his bond for $1,000, and, as collateral thereto, a mortgage in the same sum, payable two years from date, with interest at 6 per centum per annum, payable semiannually, on certain real property on Avenue B, in said city. This mortgage was the second lien on said property. The first, a mortgage in the sum of $2,800, given February 18, 1909, was thereafter foreclosed and the property bid in by the first mortgagee for the amount of his mortgage, so that the lumber company did not receive anything on its bond and mortgage and has never received anything on its claim. Eldredge and his wife occupied the property at the time of the conveyances and are still occupying the same, and during all this time he has paid the interest and the taxes out of his own money and has not paid rent. He was adjudicated a bankrupt July 26, 1911, and plaintiff was appointed trustee

August 16, 1911. The lumber company filed a claim for $2,300 on the day of the first hearing herein, although it had had no transactions with Eldredge after the settlement. None of the indebtedness set forth in the schedules in bankruptcy was in existence at the time of the transfers.

[1] That this action cannot be maintained for creditors whose claims were not in existence at the time of the transfers is clear. Allee v. Slane, 26 App. Div. 455, 50 N. Y. Supp. 55. Whether or not it can be maintained in behalf of the Knapp & Hotchkiss Lumber Company, in view of the fact that its claim was not filed until after the commencement of the action, it is not necessary to decide. The Real Property Law (Laws 1909, c. 52 [Consol. Laws 1909, c. 50]) § 263, provides that a conveyance in writing of an estate in real property, made with the intent to hinder, delay, or defraud creditors, or other persons, of their lawful suits, damages, forfeitures, debts, or demands, is void as against every person so hindered, delayed, or defrauded. Section 265 of the law provides that the question of fraudulent intent in such a case shall be deemed a question of fact and not of law, and that a conveyance shall not be adjudged fraudulent as against creditors, purchasers, or incumbrancers, solely on the ground that it is not founded on a valuable consideration. Under the statute, the absence of a valuable consideration is not sufficient to warrant adjudging a conveyance fraudulent as against creditors, but other and further evidence that it was made with fraudulent intent is required.

In Kain v. Larkin, 131 N. Y. 307, 30 N. E. 106, the court says:

"An owner of real estate can make a voluntary settlement thereof upon his wife and children without any consideration, provided he has ample property left to satisfy all the just claims of his creditors. If the grantor remains solvent after the conveyance and has sufficient property left to satisfy all his just debts, then the conveyance, whatever his intention was, cannot be a fraud upon his existing creditors; and, when a judgment creditor assails a conveyance made by the judgment debtor, he cannot cast upon the grantee the onus of showing good faith and of establishing that the grantor was solvent after the conveyance by simply showing that the deed was not founded upon a valuable consideration. But the person assailing the deed assumes the burden of showing that it was executed in bad faith, and that it left the grantor insolvent and without ample property to pay his existing debts and liabilities."

[3] Allee v. Slane, supra, is to the effect that a conveyance from husband to wife is presumptively fraudulent. An alleged indebtedness from Eldredge to his wife was claimed to be the consideration here, but the fact of indebtedness was not clearly and sufficiently shown, so that the conveyance will be treated as a voluntary one. The value of the equity conveyed was about $1,500. It is conceded that Eldredge was indebted in that amount at the time. He received $1,-500 of the $2,500 for which the Campbell mortgage on this property was given, on the day the conveyances were drawn. This money was used for the payment of debts, and all claims were paid except that of the lumber company, which received $1,000 at that time and $195 about two weeks later. The company claimed upwards of $2,300, but Eldredge disputed the amount. The conveyances were made before the controversy was settled.

At this time, Eldredge was the owner of other real property of the value of $1,125 and had not yet received the $1,000 balance of principal of Campbell mortgage. The balance due to the lumber company, shown by the fact that action was thereafter brought to recover such amount, was $1,000. So that the conveyances did not render Eldredge insolvent. In addition to this, the company acquired knowledge of the conveyances from Eldredge himself at the time or immediately after they were made. Having such knowledge, it brought action to recover the balance due on its claim some time thereafter. Instead of prosecuting such action to judgment and attacking the conveyances, it settled the action March 29, 1909, about one year thereafter, by accepting the bond of Eldredge for $1,000, with a mortgage in the same amount, on other real property, belonging to him. This mortgage was a second lien on that property, and, since the first lien has been foreclosed and the property has been sold and bid in by the owner of that lien for the amount thereof, the security of the company is worthless. But the company accepted it with knowledge and cannot complain. That Eldredge has paid interest and taxes out of his own money since that time cannot, under the circumstances, affect the result. The evidence will not, it seems to me, sustain a finding that the conveyances were made with fraudulent intent. The complaint must therefore be dismissed, with costs.

Findings may be prepared accordingly.