Orestes De Martini and Others, and all Other Stockholders of the American Ballast Log Company, a Domestic Corporation in Dissolution, Similarly Situated, and Who Desire to Come in and Share in the Expenses of this Action, Respondents, *v.* Joseph McCaldin, Individually and as Trustee of the Stockholders of the American Ballast Log Company, a Domestic Corporation in Dissolution, Appellant.

First Department, February 23, 1917.

Corporations — action by stockholders against sole surviving director for accounting — when examination of defendant before trial to enable plaintiff to frame complaint unnecessary.

Action by stockholders on behalf of themselves and all other stockholders similarly situated against the sole surviving director of a corporation, the charter of which has expired by lapse of time, for an accounting. Allegations in an affidavit by the plaintiff on a motion for the examination of the defendant before trial to enable him to frame his complaint examined, and *held,* to allege facts sufficient to make a good complaint, and that, therefore, an examination for such purpose is not necessary.

Appeal by the defendant, Joseph McCaldin, individually and as trustee, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of January, 1917, denying his motion to vacate an order for his examination before trial in order to enable plaintiff to frame his complaint.

*Leroy W. Ross,* for the appellant.

*John B. Doyle,* for the respondents.

Davis, J.:

The order for the examination was granted upon the affidavits of the plaintiff De Martini and his attorney. From these affidavits it appears that the action is brought against the defendant Joseph McCaldin as sole surviving director of the corporation, the American Ballast Log Company.

Plaintiff's affidavit, after setting forth the matters required by subdivision 1 of section 872 of the Code of Civil Procedure, proceeds with allegations showing the nature of the proposed action as follows: The corporation has a total capital stock of

2,500 shares and it came to an end pursuant to its charter by lapse of time on March 6, 1898; the plaintiff De Martini is the owner of 440 shares of its capital stock, all of which he acquired prior to March 6, 1898, and the other plaintiffs own about 401 shares, and they bring this action for themselves and all other stockholders similarly situated; all the directors have died except the defendant sought to be examined; since the expiration of the corporation by lapse of time the defendant McCaldin has had exclusive possession of all the property and books of the corporation and has carried on its business with his two brothers, since deceased, through the firm of McCaldin Brothers; defendant has rented out at large profits, especially during the last two years, ballast logs belonging to the corporation, and has taken possession of the receipts from such hiring; no account of said business has been rendered by defendant to the shareholders of the corporation, and defendant has taken no steps to dissolve the corporation or to settle its affairs and distribute its assets, and plaintiffs have demanded an accounting from the defendant. The plaintiff De Martini further states that the reasons for the delay in bringing the action are that he took no active part in the business, but always relied upon the defendant to settle the affairs of the corporation, and that for most of the time, from 1898 to 1916, he was located at Trieste, Austria, serving as American vice-consul. He states that the application for the order of examination is made in good faith to get information to enable the plaintiffs to frame a complaint, and that he has endeavored to get this information from others who might be expected to furnish it, but has failed.

We think the plaintiff De Martini has alleged enough here to make out a good complaint and, therefore, an examination for that purpose is not necessary.

The order denying the motion to vacate the order for defendant's examination should be reversed, with ten dollars costs and disbursements, and the order for defendant's examination should be vacated, with ten dollars costs.

CLARKE, P. J., SCOTT, PAGE and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.