**304**      DE MARTINI *v.* McCALDIN.

---

ORESTES DE MARTINI et al., Plaintiffs, *v.* JOSEPH Mc CALDIN, Defendant.

(Supreme Court, New York Special Term, October, 1917.)

Corporations — receivers — jurisdiction — pleading — accounting — actions — General Corporation Law, § 35.

> Under section 35 of the General Corporation Law the title to the assets of a corporation upon its dissolution vests in the directors as trustees for the creditors and stockholders unless other persons shall be appointed by the legislature, or by some court of competent jurisdiction.

> Where no directors are to be found, the duty to collect and administer the assets of such a corporation devolves upon a receiver to be appointed, but no cause of action to reach assets in the hands of a third party vests in the stockholders.

> A complaint by the stockholders of a corporation for an accounting by defendant of property of the corporation, of which he was not a director, which came into his hands after its dissolution by expiration of its charter, alleging that defendant received said property from two directors now deceased who were in possession at the time of said dissolution, with full knowledge that it represented corporate assets, and, further, that there are no creditors of the corporation and that the directors took no steps toward the settlement of its affairs and the division of its assets, and there are no allegations to support the case as one prosecuted in behalf of the corporation or of a receiver in its behalf, is subject to demurrer upon

the ground that it is insufficient in substance, and also upon the further ground that there is a defect of parties defendant, there being none before the court who may assert legal title to the property in suit.

The question whether there are debts of the corporation to be paid cannot be determined as an issue between the stockholders and the defendant in the present action, as, until the statutory requirements for the ascertainment of the claims of creditors are met, there can be no administration of the assets upon the theory that the stockholders are entitled to the property. Therefore, the allegation that there are no creditors of the corporation, admitted by the demurrer to the complaint, cannot aid the plaintiffs. The cause of action resides in a receiver who must first be appointed to assert and to protect the rights of all persons, whether creditors or stockholders, who may have an interest in the distribution of the property when recovered from the defendant.

Issues of law upon demurrer to complaint.

John B. Doyle, for plaintiffs.

Leroy W. Ross, for defendant.

Erlanger, J. The plaintiffs, stockholders of the American Ballast Log Company, seek an accounting by the defendant of property of the corporation which came into his hands after its dissolution through the expiration of time fixed by its charter. This defendant was not a director of the corporation, but it is alleged that he received the property from the two directors, now deceased, who were in possession at the time of the dissolution, with full knowledge that it represented corporate assets. The complaint further alleges that there are no creditors of the dissolved corporation and that the directors took no steps toward the settlement of its affairs and the division of its assets.

In my opinion, the case sought to be presented is defective for the reason that there is no party before

the court who may assert legal title to the property in suit. Upon dissolution of a corporation, title to the assets vests in the directors, as trustees for the creditors and stockholders "unless other persons shall be appointed by the legislature, or by some court of competent jurisdiction." Gen. Corp. Law, § 35, formerly § 30, as amd. by Laws of 1892, chap. 687. In the present situation, where no directors are to be found, the duty to collect and administer the assets would devolve upon a receiver to be appointed, but no cause of action to reach assets in the hands of a third party vests in the stockholders. *Michel* v. *Betz*, 108 App. Div. 241. Whether or not there are debts of the corporation to be paid, is a question which cannot be determined as an issue between the stockholders and the defendant in this action. The ascertainment of the claims of creditors is regulated by statute, and, until the statutory requirements are met, the assets may not be administered upon the theory that the stockholders are entitled to the property. Therefore the allegation that there are no creditors of the corporation, as admitted by the demurrer, affords no aid to the plaintiffs. The cause of action resides in a receiver who must first be appointed to assert and protect the rights of all persons, whether creditors or stockholders, who may have an interest in the distribution of the property when recovered from the defendant.

Doubtless, if the defendant were a surviving director of the corporation, the plaintiffs would have a case. Such was the ruling made by the Appellate Division, upon appeal from an order, obtained by the plaintiffs, for an examination in aid of the framing of a complaint. *De Martini* v. *McCaldin*, 176 App. Div. 541. The plaintiffs' papers upon that application set forth that the defendant was the sole surviving director. As such, of course, he would have been in possession as

trustee pursuant to the statute, and an action could be maintained for his removal and for an accounting to a receiver at the instance of the plaintiffs as *cestuis que trustent.* But it now appears from the complaint that he never was a director, and the necessity for the appointment of a receiver to bring the action, as the representative of the legal title, is apparent.

I must hold, therefore, that the complaint is insufficient in substance, since no right of action in the plaintiffs is exhibited and there are no allegations to support the case as one prosecuted by the plaintiffs in behalf of the corporation, or by a receiver acting in its behalf. The point is also presented by the demurrer upon the ground of a defect of parties defendant. In other respects, the demurrer must be overruled. The question discussed does not affect the jurisdiction of the court to entertain an action for an accounting, nor the legal capacity of the plaintiffs, as individual suitors, to present their grievance, and it is apparent, also, that there is no attempt to plead more than one cause of action.

Demurrer sustained, with costs, upon the ground that the complaint is insufficient in substance and upon the ground of a defect of parties defendant, with leave to plaintiffs to amend upon payment of costs within twenty days. In other respects demurrer overruled.

Ordered accordingly.