Louis L. Friedman, J.
In this action, wherein the complaint sets forth three separate causes apparently predicated on the Debtor and Creditor Law, section 29 of the General Corporation Law, and for a counsel fee within the purview of section 276-a of the Debtor and Creditor Law, plaintiff moves for summary judgment for the amounts requested, or, in the alternative, for partial summary judgment for the sum of $3,834.23, with interest from September 28,1961. Defendants cross-move “ for an order dismissing plaintiff’s motion for summary judgment ” and for summary judgment in their own behalf.
The facts chronologically establish that plaintiff, his wife, and the individual defendants were the sole stockholders, officers and directors of the defendant corporation. Said corporation was the owner of a one-story building, which was its sole asset. On April 21,1960, at a meeting of said corporation, plaintiff and his wife were removed as directors thereof. On May 5, 1960, at another meeting attended by plaintiff and defendants, a resolution ivas adopted empowering the officers to liquidate the corporate defendant’s assets and distribute such assets after paying off its liabilities. Pursuant to such authorization, a contract was entered .into conveying the .property for $205,000, subject to the terms and conditions contained therein.
In the month of November, 1960, plaintiff instituted a proceeding to have his 25 shares of stock appraised, and directing the defendant corporation to pay the plaintiff the value thereof as found in said appraisal. Upon stipulation and order of this court a Special Referee was appointed to hear and determine all the issues raised by the petition, answer and counterclaim. The Special Referee found that plaintiff was entitled to receive the sum of $16,667.07 for his 25 shares of stock, and directed that upon receipt of an assignment of a one-quarter interest in the purchase-money mortgage executed on the sale of the property, the- amount due in the judgment was to be reduced by $13,000, the value of said interest. The assignment of said one-quarter interest of the mor.tgage.was subsequently consummated.
Judgment was then entered on September 28, 1961, for the sum of $3,834.23. After supplementary proceedings in October, 1961, it was found that the corporation, which was dissolved in *278 the latter part of December, 1960, had no assets and was judgment proof, resulting in the institution of the present action.
The first cause of action essentially alleges the facts as here-, inbefore indicated, and in \addition, that the individual defendants, knowing of plaintiff’s right to levy upon the assets of the corporation to satisfy his judgment, transferred and disposed of such assets with actual intent to hinder, delay, defraud and prevent the plaintiff from collecting his judgment.
The second cause of action, in addition to realleging and repeating the allegations of the first cause, further alleges that while the corporate defendant was dissolved pursuant to law and all the assets were allegedly distributed by the individual defendants as trustees for the benefit of the creditors, that, in performing such acts, they violated the provisions of section 29 of the General Corporation Law and accordingly became personally responsible to the plaintiff herein to the extent of the judgment recovered.
The third cause of action charges that the individual defendants, deliberately and with intent to make the defendant corporation “ judgment proof,” hindered, defrauded and prevented the plaintiff from collecting his judgment, and that by reason thereof, plaintiff is entitled to a counsel fee within the purview of section 276-a of the Debtor and Creditor Law.
As to the first and third causes of action, plaintiff has failed to establish and present such proof as to warrant the granting of summary or partial summary judgment. As stated in Sillman v. 20th Century-Fox (3 N Y 2d 395, 404): “ To grant summary judgment it must clearly appear that no material and triable issue of fact is presented * * *. This drastic remedy should not be granted where there is any doubt as to the existence of such issues * * * or where the issue is ‘ arguable ’ * * *; ‘ issue-finding rather than issue-determination, is the key to the procedure.’ ”
The crux of both causes of action as pleaded, revolves around the allegations that the disposition and transfer of the assets 11 were made by the individual defendants with actual intent to hinder, delay, defraud and prevent the plaintiff herein from collecting ” his obligation. These causes of action by the very nature of the language used in the complaint, confined and restricted their applicability to sections 276 and 276-a of the Debtor and Creditor Law. Such a conveyance or transfer of assets must be based on actual intent and may not rest on mere suspicion (Lupia v. Lupia, 199 N. Y. S. 2d 733). Actual intent to defraud creditors, as distinguished from intent presumed in law, must be proved and mere suspicion will not suffice (First Nat. Bank of Batavia v. Frank, 1 A D 2d 539, affd. 3 N Y 2d 849).
*279 While the defendants are charged with improperly allowing a reduction or credit in the purchase price to the extent of $2,100, and with receiving $3,500 for services allegedly rendered, which acts were admittedly completed, no evidence has been established or presented demonstrating that these acts were perpetrated for the purpose claimed. Accordingly, issues of fact are here present requiring a denial of the motion as to those two causes of action (first and third).
However, a different situation is presented with respect to the second causes of action. It has been held that when a dissolution takes place of a corporation, whether it be voluntarily or involuntarily, the directors become the trustees of the creditors of the corporation and, as such, become jointly and severally personally liable to its creditors to the extent of the property which comes into their hands, and even though a claim is contingent, provision must be made for its payment before all of the assets may be distributed. Distribution without making provision for such a claim is illegal (Tapley Co. v. Keller, 133 App. Div. 54; Security Trust Co. v. Pritchard, 201 App. Div. 142; Michel v. Betz, 108 App. Div. 241).
It cannot be disputed that all the parties appeared and testified before the Special Referee appointed by the court, and that the Referee found that the credit or reduction of the $2,100 in the purchase price and the payment to the defendant Thomas Davis of $3,500 was clearly improper. The individual defendants, constituting the majority of the directors, in full charge of the liquidation, became jointly and severally liable to the plaintiff herein for the judgment obtained by him.
Accordingly, plaintiff’s motion for partial summary judgment is granted and defendants’ cross motion is denied.
Since the prayer for relief demanded judgment for the amount herein granted, the disposition herein made as to the second cause of action makes the first cause of action academic and that cause need no longer be considered on a trial. The third cause of action, however, which still must be tried, is hereby severed and the order which is to be entered herein will make the necessary provisions for said severance.