Richard J. Cardamone, J.
This is a motion, in the form of a petition, made pursuant to rule 6221 of the Civil Practice Law and Rules, to void a levy made upon a savings account and directing the Sheriff of Jefferson County to free the said account. The petition also prays for a judgment determining that the said bank account, as described in the petition, belongs to the petitioner.
Easton Industrial Corporation (hereinafter referred to as Easton), a Pennsylvania corporation, which has its principal place of business in the State of Mew York, and which operates various plants throughout Mew York and Pennsylvania, was the employer of the defendant, Harry Agretto. On July 18, 1963 Harry Agretto made, executed and delivered to Easton a promissory note in the amount of $3,000 payable to the order of the plaintiff five months after date. The note went to default as a result of which Easton instituted an action against the defendant, Harry Agretto, and obtained a judgment in the State of Pennsylvania in the County of Morth Hampton, Court of Common Pleas, on May 11,1964. Easton then brought an action in the Supreme Court of the State of Mew York to recover damages on the Pennsylvania judgment on June 11, 1964. A judgment was granted in the Supreme Court of the State of Mew York in Jefferson County on July 14, 1964 in the amount of $3,183.41 and was filed in the office of the County Clerk of Jefferson County. Execution issued on the judgment was *655 served upon an officer of the Watertown Savings Bank, Water-town, New York, where there was an account in the name of “ Harry W. Agretto, in Trust for Mrs. Betty M. Agretto, or Mrs. Betty M. Agretto ”. On June 5, 1964 an order of attachment against this bank account was granted by this court. It is this order of attachment which the petitioner, Betty M. Agretto, seeks to have voided. In her moving papers, she alleges that the savings passbook, Number A-13582, was in her exclusive possession and control from May 29,1962, when the account was opened, until May 18, 1964, when it was turned over to her attorney, except when there were deposits made, and, on July 9, 1963 when there was a withdrawal made from the account. The petitioner alleges that she has maintained sole and exclusive possession of this passbook and that her husband, the respondent, had relinquished control over this account long before the action was instituted by Easton. She further alleges that she is the sole owner of the funds. Easton, in their moving papers allege that there is approximately $8,000 in this bank account at the Watertown bank and that Harry Agretto and Betty M. Agretto have a joint account in the Easton National Bank in Easton, Pennsylvania, on deposit in two separate accounts which total over $12,000. Easton contends, in an affidavit by its attorney, that the allegations made by Betty M. Agretto, “ that many months previous, her husband gave her the passbook to said account is unworthy of belief ’ ’.
The law of this State is well established concerning Totten Trusts. (Matter of Totten, 179 N. Y. 112 [1904].) In the Totten case, the court stated at pages 125-126: “A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as-delivery of the pass book or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor ’ ’.
Admittedly, a transfer from a husband to a wife is to be carefully scrutinized (Allee v. Slane, 26 App. Div. 455 [2d Dept. 1898]) in order to determine whether there was any fraudulent intent (Matter of Rosenfield, 213 N. Y. S. 2d 1009, affd. 18 A D 2d 718 [2d Dept. 1962]). The mere fact that the account was opened prior to the date when the debt was incurred is not controlling since the law provides that such conveyances may *656 be fraudulent not only as to present creditors but as to future ones as well. (Debtor and Creditor Law, §§ 275, 276.) However, as the Court of Appeals said in Matter of Halpern (303 N. Y. 33 [1951]) at page 38: “ Censurable though his motive may have been, he was doing what the law allowed. Unworthiness of motive could not make illusory an otherwise complete transfer
In the instant case there was a delivery of the passbook which transformed the tentative trust created by the deposits into an irrevocable trust. (Matter of Farrell, 298 N. Y. 129 [1948].) Also, there is no question as to the worthiness of the motives in opening the account so as to lead the court to conclude that there was an attempt to evade and ‘ defraud creditors (Newman v. Dore, 275 N. Y. 371 [1937]). The mere statement by the respondent’s attorney, that for the wife to claim possession of the passbook is unworthy of belief is not sufficient evidence to establish in this court’s mind that such an account was established in a manner to make the petitioner wife’s ownership of the account merely illusory. No affidavits of persons who have personal knowledge of the facts are presented by the respondent to prove bad faith on the part of Harry Agretto or his wife. This court has no reason to believe that the respondent’s attorney had personal knowledge of the facts underlying- his conclusions. (Cohen v. Pannia, 7 A D 2d 886 [4th Dept. 1959]; Israelson v. Rubin, 20 A D 2d 668 [2d Dept. 1964]; Rex Bilotta Corp. v. Hamza, 22 A D 2d 757 [4th Dept. 1964].) More than mere suspicion must be shown (Bugeja v. Davis, 34 Misc 2d 276 [1962]) and the burden of showing the bad faith is on those asserting it (Lupia v. Lupia, 199 N. Y. S. 2d 733 [I960]). The moving papicrs and all of the allegations contained in them furnished this court by Easton do not, as a matter of fact, establish any intent on the part of the defendant, Harry Agretto, to defraud his creditor, Easton. This savings bank account is, therefore, the property of the wife and is not reachable by judgment creditors of the husband under the well-settled laws of this State.
The attachment previously granted should be vacated. Petitioner to prepare judgment accordingly, without cost.